**EXPRESS PUBLISHING COMPANY,**
Appellant,

v.

**Enrique G. GONZALEZ, Appellee.**

**No. 3640.**

Court of Civil Appeals of Texas.

Eastland.

Oct. 13, 1961.

Rehearing Denied Nov. 3, 1961.

**590**

Denman, Franklin & Denman, San Antonio, Perkins, Floyd, Davis & Oden, Alice, for appellant.

A. J. Vale, Rio Grande City, L. Hamilton Lowe, Austin, F. R. Nye, Jr., Rio Grande City, for appellee.

COLLINGS, Justice.

Enrique G. Gonzalez brought suit against the Express Publishing Company, a corporation, seeking damages for libel. Plaintiff alleged that he was libeled by reason of an article appearing in the San Antonio Express on Sunday, December 20, 1957.

Plaintiff alleged and the evidence shows, that the article in question which appeared under a headline asserting, "Sisters Win Oil Land Suit", stated: that the sisters, who were twins and were ninety-nine years of age had alleged in the District Court that their land was fraudulently taken from them by their nephew, Benigno Barrera, and plaintiff Enrique G. Gonzalez; that the sisters could neither read nor write; that they had signed a deed conveying their land when Barrera represented it as a document permitting him to erect a corral fence thereon; that the District Court had, about a year previously, held the sisters entitled to recover the land which had been in their family since a Spanish grant, and that the Court of Civil Appeals had now also ruled against Barrera and Gonzalez.

Gonzalez alleged that the portion of the newspaper article stating, in effect, that the courts had declared him guilty of taking land from the two sisters was false; that actually he had no connection whatever with the transaction, and that his name was not mentioned in the judgment or the pleadings upon which the judgment was based; that plaintiff was well known in Starr County and throughout a large part of south Texas and had many friends and business associates in that territory; that the newspaper operated and published by the defendant had a large circulation throughout the same territory and the article was read by thousands of people, including hundreds of his friends and business associates, and that he had been greatly damaged by reason of the false statements and implications in defendant's newspaper.

The defendant, Express Publishing Company, excepted to plaintiff's petition on the

ground that the article was privileged under Article 5432, Vernon's Ann.Texas Civ. St. Defendant entered a general denial and specially pleaded the defense of truth, good faith and privilege. Defendant also alleged that the newspaper article complained of had been corrected in a later edition of the paper with the same circulation.

The trial was before the court without a jury and judgment was rendered for Gonzalez in the sum of $12,500. The Express Publishing Company has appealed. A prior appeal of this case from an order overruling a plea of privilege is reported in 326 S.W.2d 544. That case is referred to for a detailed statement of the pleadings and evidence which, so far as they are applicable, are substantially the same as involved in this appeal.

The record shows that Gonzalez, originally a defendant in the case which was the subject matter of the newspaper article in question, filed a motion therein for summary judgment. The plaintiffs in that cause (the sisters who alleged the fraudulent taking of their land) thereupon dismissed the case as to Gonzalez. Thereafter judgment was entered in said cause cancelling the deed executed by the sisters to their nephew, Benigno Barrera, and Barrera appealed. Gonzalez signed Barrera's appeal bond. The case was affirmed by the Fort Worth Court of Civil Appeals, Barrera v. Ruiz, 308 S.W.2d 578, and judgment was rendered affirming the trial court's judgment. Judgment was also rendered against Gonzalez for costs because he had signed Barrera's appeal bond.

In numerous points appellant contends that the court erred in entering judgment against it and for Enrique G. Gonzalez because, (1) the claim of libel is based upon the publication of an article which was a matter of public concern, was a true or substantially true account of a proceeding in a court of justice, and therefore, was privileged under Articles 5431 and 5432, V.A.T.C.S., (2) that although Gonzalez was dismissed from the suit in which the quoted allegations against him were contained, he thereafter signed the appeal bond of Barrera; and therefore made himself a party to the suit again; that because he again made himself a party to the suit he authorized a judgment of affirmance against him for costs; that by signing such cost bond he showed his interest in the litigation, and there was no basis for the finding that he was wrongfully embarrassed or that his reputation was damaged. Appellant further contends that the court erred in entering the judgment because, (3) appellant showed good faith by publishing an explanation or correction, making still more persuasive the contention that there was no basis for the finding that appellee was wrongfully embarrassed or that his reputation was damaged. Appellant also urges, (4) that the Court grossly abused its discretion in fixing the amount of damages at $12,500.

Article 5431, V.A.T.C.S., provides as follows:

"In any action for libel, in determining the extent and source of actual damage and in mitigation of exemplary or punitive damage, the defendant may give in evidence, if specially pleaded, all material facts and circumstances surrounding such claim of damage and the defense thereto, and also all facts and circumstances under which the libelous publication was made, and any public apology, correction or retraction made and published by him of the libel complained of, and may also give in evidence, if specially pleaded in mitigation of exemplary or punitive damage, the intention with which the libelous publication was made. The truth of the statement, or statements, in such publication shall be a defense to such action."

Article 5432, V.A.T.C.S., provides in part as follows:

"The publication of the following matters by any newspaper or periodical shall be deemed privileged and shall

not be made the basis of any action for libel.

"1. A fair, true and impartial account of the proceedings in a court of justice, unless the court prohibits the publication * * *".

Appellant correctly contends that the article in question was a report concerning a proceeding in a court of justice. If it was "fair, true and impartial" then it was privileged under Article 5432 and could not be the basis of a suit for libel. The article correctly stated that the sisters had charged Gonzalez with fraud. This allegation was made in their original petition. The article failed to state, however, that the sisters had later dismissed the case against Gonzalez, filed an amended petition in which the name of Gonzalez was not mentioned, and that the judgment restoring the land to the sisters was against Barrera alone. The literally true statement in the questioned article that the District Court had "returned the sisters * * * land" implied that the court had sustained the charge of fraud against Gonzalez. The implication was not true. Gonzalez was not even a party to the suit when the judgment was rendered. The further statement that "the appeals court had ruled against Barrera and Gonzalez" made the false implication still stronger. The article failed to state the true fact that the judgment against Gonzalez was solely as surety on the appeal bond for costs. The article was not "a fair, true and impartial account of the proceedings in a court of justice". It was, therefore, not privileged at common law or under the provisions of Article 5432, Davila v. Caller Times Publishing Co., Tex. Civ.App., 311 S.W.2d 945 (Writ Ref.). Neither is appellant relieved from liability under the provisions of Article 5431. Although the truth of an alleged libel may be proven as a complete defense it is not a defense to show that a statement contained in a publication, if taken alone, is literally true, when other facts are omitted which plainly refute the false impression of the partial statement. A statement is not true or even substantially true if, by implication, an entirely untrue impression is made by omission of part of the facts. Appellant's points urging that the publication upon which appellee's claim for libel is based was a true or substantially true account of a proceeding in a court of justice and, therefore excused, or privileged under Articles 5431 and 5432, supra, are overruled.

The signing of Barrera's appeal bond by Gonzalez did not reinstate him as a party to the suit. If, under the circumstances, it was reprehensible or blameworthy or injurious to his reputation for Gonzalez to sign the appeal bond, it was, nevertheless, not the same thing as defrauding the two aged women of their land, which was the effect of the statement in the published article. The judgment against Gonzalez as surety on an appeal bond for costs was not substantially or even remotely the same thing as a judgment finding that he was guilty of such fraud.

The fact that a correction was made by appellant was admissible and material only on the issue, and in mitigation, of damages. Article 5431, supra. Contrary to appellant's contention the court did not err in refusing to hold that the correction made by appellant in a later issue of its paper completely exonerated appellee in the eyes of his friends, acquaintances and public generally and removed all damages resulting from the publication of the article complained of.

We overrule appellant's point urging that the court abused its discretion in fixing the damages at $12,500. Appellant was under the pleadings and evidence entitled to recover damages for libel. The determination of the amount of damages in a libel case is within the sound discretion of the jury, or if there is no jury, the judge in the trial court. This discretion is subject to review in the appellate court but will not be disturbed unless an abuse of discretion is shown. A man's reputation for

honesty and integrity is a valuable possession which cannot be measured or compensated for in dollars and cents. Appellee was born in Starr County in 1894 and had lived there all his life. He had worked for the Magnolia Petroleum Company since 1918, and his business as a wholesale agent carried him all over the Rio Grande Valley. He is a rancher and dealer in cattle. He had served as school trustee in the community in which he lives and as chairman of the Democratic executive committee. We cannot say under the evidence that the court was guilty of an abuse of discretion in fixing the damages at $12,500.

The judgment is affirmed.