**Bobby Joe DUDLEY, Appellant,**

v.

**FARMERS BRANCH DAILY TIMES
et al., Appellees.**

**No. 4994.**

Court of Civil Appeals of Texas,
Eastland.

March 17, 1977.

Rehearing Denied May 5, 1977.

Guy W. Rucker, Richardson, for appellant.

Douglas B. Owen, Law, Snakard, Brown & Gambill, Ft. Worth, for appellees.

WALTER, Justice.

Times Chronicle Newspapers, Inc., publisher of Farmers Branch Daily Times, recovered a summary judgment against Bobby Joe Dudley and Dudley appeals.

In his libel suit against the defendant, Dudley alleged it published the following article:

"...  (Bold face headline reads '2 Charged with $168,000 Theft'. The Article then reads 'Two Dallas County Men have been charged with theft in connection with the disappearance of an estimated $168$k$ 000 wor$ht$ of polyethylene resin material from the Arrow Industries, Inc. plant at 2625 Belt Line Road in Carrollton. Bobby Joe Dudley, 36, of 2766 Cooks Creek Place, Apt. 106, Carrollton, was arrested Sunday. He posted $5,000 bond and has been released.' ..."

The defendant pleaded absence of libel to plaintiff as a matter of law, privileged under the common law and Art. 5432 of Tex. Rev.Civ.Stat., affirmative defense of truth, freedom of press and a general denial.

Bobby Joe Dudley testified by deposition substantially as follows:

I am the plaintiff in this lawsuit. I also have filed a lawsuit against Marcus Rosenberg and Arrow Industries for filing charges against me for theft.

The instrument marked Exhibit "A" is a copy of the Article appearing in the paper on January 30, 1974 which is the basis of my lawsuit against the Times. I will go through it and point the inaccurate portion of the article. We will start out with the headlines. That is a lie. I was never charged with theft of $168,-000.00, but I was charged with theft. The thing wrong with the headline is the figure of $168,000.00. I heard the figure $168,000.00 used by two County sheriffs who picked me up. They wanted to know what we had done with the $168,000.00 worth of polyethylene resin that was "supposed to be stole". So when I saw this in the paper, it was not the first time I had heard that figure.

The main thing I am concerned with in this lawsuit is:

"It's the headline right there. 'Two charged with $168,000.00 theft.' I mean, I don't see no reason for blowing it up there."

I was charged with theft of 62,660 pounds of polyethylene resin pellets and scrap. The complaint against me charged:

" 'Did unlawfully and fraudulently take 62,660 pounds of polyethe lene pellets and scrap at the value of $6,655.50. And being the total value of over $50.00, the same being the corporeal personal property of Marcus Rosenberg, hereinafter styled Complainant, and without the consent of said Complainant, and with the intent to deprive the Complainant of the value thereof, and with the intent to propriate it to the use and the benefit of him, the said Defendant.' "

This material is worth about 10¢ per pound. I was indicted for this alleged offense, however, all charged have now been dropped by the district attorney's office.

We hold the summary judgment was proper under Subdivisions 1 and 4 of Art. 5432, Tex.Rev.Civ.Stat., which are as follows:

"Art. 5432. *Privileged matters*

The publication of the following matters by any newspaper or periodical shall be deemed privileged and shall not be made the basis of any action for libel.

1. A fair, true and impartial account of the proceedings in a court of justice, unless the court prohibits the publication of same when in the judgment of the court the ends of justice demand that the same should not be published and the court so orders, or any other official proceedings authorized by law in the administration of the law.

. . . . .

4. A reasonable and fair comment or criticism of the official acts of public officials and of other matters of public concern published for general information."

In *Fort Worth Press Co. v. Davis*, 96 S.W.2d 416 (Tex.Civ.App., Fort Worth 1936, writ ref'd), the court said:

"Analyzing the settling basin editorial, we find that all of the statements therein are shown by the evidence to be true, excepting the statement 'it swallowed $80,000 of the money of Fort Worth taxpayers.' What is the charge then that is being made? A waste of the taxpayers' money in the settling basin project. There is no more opprobrium attached to or charged by saying that $80,000 of the taxpayers' money was wasted in this project than there would be should the charge have been made that $17,500 of the taxpayers' money was wasted. If one were charged in an article with embezzling $80,000 or with a swindle involving such sum, and because of the publication of such purported facts, a libel suit should be brought, a complete answer to the cause of action is that the proof indisputably showed an embezzlement of or a swindle in the sum of $17,500. That this is the law, we do not believe any one will question."

We have considered all of appellant's points of error and find no merit in them. They are overruled.

The judgment is affirmed.