A. D. DOWNER, Appellant,

v.

AMALGAMATED MEATCUTTERS AND BUTCHER WORKMEN OF NORTH AMERICA et al., Appellees.

No. 19118.

Court of Civil Appeals of Texas, Dallas.

April 1, 1977.

Rehearing Denied April 28, 1977.

Tom W. Foster, Houston, for appellant.

L. N. D. Wells, Jr., Mullinax, Wells, Mauzy & Baab, Inc., Patrick F. McGowan, Strasburger & Price, Dallas, for appellees.

GUITTARD, Chief Justice.

In this libel suit, summary judgment was rendered for defendants, and plaintiff appeals. Plaintiff A. D. Downer was formerly secretary-treasurer of a local union affiliated with defendant Amalgamated Meatcutters and Butcher Workmen of North America (the international union). Defendant Maryland Casualty Company (the bonding company) had issued a fidelity bond covering plaintiff's handling of funds for the local union. Plaintiff alleged that the international union made a claim on the bond falsely accusing him of misappropriating union funds and that the bonding company also libeled him by approving and paying the claim. He further alleged that defendant George Elwood, an agent of the international union, made similar false accusations. We hold that the defense of truth of the alleged libelous statements is established by the summary-judgment

proof as a matter of law. Consequently, we affirm the summary judgment.

The accusation of misappropriation arose out of plaintiff's admitted use of union funds for personal expenses. Plaintiff contends that the evidence raises a fact issue as to whether these circumstances establish only a debt from him to the union which he fully intended to repay, as evidenced by his entry of the amounts in question on the union's books as "advances." We hold that regardless of the entries on the books and his subjective intention to repay, the funds were nevertheless "misappropriated" within the coverage of the bond, and, consequently, the defense of truth is established as a matter of law.

The alleged libelous statement by the international union is contained in a proof of loss filed by the union with the bonding company. The printed form on which the proof is made contains instructions to the claimant to include an itemized account "of money or property misappropriated, stolen, or embezzled." On this form the union listed a number of items charged to Downer as "advances." Some of the items are marked, "No substantiation." Other items give amounts advanced with "Verified Expenses" deducted. One of these items shows an advance of $800, less "Verified Expenses" of $491, leaving a balance of $309 marked "Charged to A. D. Downer as expenses for wife and two children on vacation." The total shown on the proof of loss is $2,187.77.

Plaintiff's claim of libel against the bonding company is based on the theory that by approving the union's claim and paying the amount in full, it made libelous statements which further damaged his reputation. The only writings by the bonding company alleged to be defamatory are its draft for $2,187.77 and a transmittal letter from the bonding company to the international union stating that the draft is enclosed in the amount set out in the proof of loss.

Plaintiff joined as a defendant George Elwood, an agent of the international union, who, plaintiff alleged, slandered him in the course of a hearing called by the inter-

national union to determine whether a trusteeship should be imposed on the local union. Plaintiff alleged also that Elwood libeled him in a letter addressed to the president of the international union. This letter referred to plaintiff and another official of the local union and stated: "This has become a serious matter, because, as you know, we removed these two men from office because of their misuse of the members' money."

The "advances" listed in the proof of loss were, in large part, admitted by plaintiff in his deposition, which was before the court on the motion for summary judgment. He admitted also that some of the funds advanced were used for his personal expenses. He asserts, however, that there is a fact issue as to whether these funds were intentionally and fraudulently misappropriated, since the evidence is consistent with an intention on his part to repay the advances.

We conclude that his subjective intent to repay, even if accepted by the finder of fact, would not establish that the charges in the proof of loss were false. Under any interpretation of the summary-judgment proof, plaintiff's use of union's funds was wrongful, whether or not it was in violation of the penal code. Plaintiff does not contend that any of the officers of the union advanced the money to him for his personal expenses or consented to his use of it for that purpose—if, indeed, the officers would have had authority to do so. When he "advanced" the union funds to himself and used them for purposes unrelated to union business, he was guilty of "misappropriation," for which the union was justified in making a claim under the bond, regardless of any entries he may have made in the union books evidencing his liability. Consequently, we hold that the summary-judgment proof establishes the defense of truth as a matter of law.

This holding is supported by decisions in analogous cases. In *Western Union Telegraph Co. v. Buchanan,* 248 S.W. 68, 69 (Tex.Civ.App.—San Antonio 1923, no writ), a charge that an employee had "misappropriated" funds of her employer was held

not to amount to a charge of a crime per se. In suits on fidelity bonds, coverage for an employee's unauthorized use of his employer's funds has been held not limited to violations of the criminal law. *Citizens' Trust & Guaranty Co. v. Globe & Rutgers Fire Ins. Co.,* 229 F. 326, 330 (4th Cir. 1915) ("fraud or dishonesty"); *Massachusetts Bonding and Ins. Co. v. Texas Finance Corp.,* 258 S.W. 250, 253 (Tex.Civ.App.—Dallas 1924, writ dism'd) ("larceny, embezzlement, conversion, or criminal misappropriation"); *American Surety Co. v. Meadville Lodge,* 114 Pa.Super. 451, 174 A. 591, 594 (1934) ("wrongful abstraction"); and see *Great American Ins. Co. v. Langdeau,* 379 S.W.2d 62, 65 (Tex.1964) (dictum). In *Bell v. Clinton Oil Mill,* 129 S.C 242, 124 S.E. 7, 11 (1924), an action for slander was held not to be supported by proof of statements that an employee's use of funds would be reported to a bonding company which had issued a bond covering losses caused "by any act of personal dishonesty, forgery, theft, larceny, embezzlement, wrongful conversion, abstraction, or misapplication" since the language of the bond did not limit coverage to criminal acts.

Plaintiff relies on *Great American Ins. Co. v. Langdeau,* 379 S.W.2d 62 (Tex.1964) for its holding that recovery on a bond covering losses from acts of fraud or dishonesty requires a showing that the employee "must have some degree of intent to perform the wrongful act." The supreme court held that a bonded employee who signed checks in blank on the instructions of his superior was not guilty of fraud or dishonesty, since there was no evidence that he actually knew that the money was misappropriated. The opinion recognizes, however, that the intent required for recovery on such a bond "need not be of the degree required for criminal conduct." *Id.* at 65. In the present case we hold that to the extent wrongful intent is required by the terms of the bond, such intent is shown because the evidence is undisputed that plaintiff intended to use union funds for his personal expenses. This intent is not negated by his assertions that he intended to

repay the money he had wrongfully taken, or even by the book entries showing how much of the union's funds he had used for personal expenses.

Plaintiff further contends that even though he may have used some of the funds in question for his personal use, the truth of the charge that he misappropriated a total of $2,187.77 is not established as a matter of law, and, consequently, a fact issue is presented for determination by a jury. In this connection he insists that a number of the items marked on the proof of loss as "no substantiation" were, in fact, proper expenditures for union purposes, for which he had receipts that the auditor for the international union refused to recognize. He testified in his deposition that after the auditor had examined the books, the claim was reduced to $840.73, which plaintiff then agreed to pay if the union would release him from any further claim, but the president of the international union refused to do so and insisted that a claim be made against the bonding company for the full amount of the claimed deficiency.

 In this respect plaintiff relies on a statement in W. Prosser, Torts (4th Ed.) § 116, at 798, to the effect that the defense of truth must extend to the full scope of the alleged defamatory statement and does not preclude recovery of damages if the statement is only partly true. We recognize that if an alleged defamatory statement makes several charges, some of which are true and some of which are false, it is nevertheless an actionable libel. On the other hand, the defense of truth does not require proof that the alleged libelous statement is literally true in every detail; substantial truth is sufficient. For example, a charge that plaintiff had wasted $80,000 of the taxpayers' money was held to be substantially true, even though the actual amount was only $17,500. The court observed that no more opprobrium would be attached to a charge of embezzling the larger sum of money than to a charge of embezzling the smaller sum. *Fort Worth Press Co. v. Davis,* 96 S.W.2d 416, 419 (Tex.Civ. App.—Fort Worth 1936, writ ref'd). *Ac-*

*cord Putnam v. Browne,* 162 Wis. 524, 155 N.W. 910 (1916). In the present case, the damage to plaintiff's reputation is alleged to have resulted from the charge that plaintiff had misappropriated union funds. We do not think that each and every item listed on the proof of loss must be treated as a separate charge, requiring defendants to show the complete accuracy of each item in order to establish the defense of truth. All the items were part of a single claim. We hold that regardless of the existence of a dispute concerning some of the items, the summary-judgment proof shows as a matter of law that the charge that plaintiff had misappropriated union funds was substantially true. Consequently, the summary judgment was proper.

Affirmed.