David H. BROWN, Appellant,

v.

Murph WILSON, Appellee.

No. 1037.

Court of Civil Appeals of Texas, Tyler.

July 21, 1977.

Tohnie E. Hynds, David H. Brown, Sherman, for appellant.

James W. Knowles, Wilson, Miller, Spivey, Sheehy, Knowles & Hardy, Tyler, for appellee.

DUNAGAN, Chief Justice.

This is a libel suit instituted by appellant, David H. Brown, against appellee, Murph Wilson, based on an advertisement placed in a Tyler newspaper by appellee. Appellee filed a motion for summary judgment which was granted by the trial court.

Appellant is an attorney and former District Judge of the 59th Judicial District of Texas who became a candidate for the Fourth Congressional District of Texas. Appellee Murph Wilson is an attorney in Tyler, Texas. During the time Judge Brown was presiding as Judge of the 59th Judicial District Court certain controversies arose with the result that Judge Brown, the appellant, was censured by the Supreme Court of Texas. On April 30, 1976, one day prior to the primary election held on May 1, 1976, appellee caused to be published a political advertisement[1] in the Tyler Morning Telegraph newspaper by appellee.

Thereafter on July 23, 1976, appellant instituted this suit in the 7th Judicial District Court of Smith County against the appellee on the basis that such political advertisement was a malicious, false representation of the truth and as such constituted a defamation. Appellee defended on the basis that the statements in said advertisement were true quotations and as such constituted a complete defense. Appellee then moved for summary judgment under art. 5431,[2] V.A.C.S., which was granted by the trial court.

1.     "WOULD YOU BELIEVE
DAVID H. BROWN—
CANDIDATE FOR CONGRESS?

"In Volume 512, Southwestern Reporter, 2nd Edition, page 317, (which reports the cases decided by the Appellate Courts), there is a decision by the Supreme Court of Texas styled 'In the Matter of David H. Brown, District Judge,' Cause No. B–4229.

"The following statements are contained in the opinion of the Supreme Court:

'The Commission (State Judicial Qualifications Commission) found that Judge Brown was excessively absent from his court during a ten month period between February 1 and November 30, 1969; that he too readily found persons in contempt court and injected himself into the affairs of the county attorney and district attorney; that on one occasion during August 1970, he conducted a brief hearing concerning an accused felon without notification to the accused's attorney; that during December 1970, he conducted a second hearing with the same accused felon and tried to persuade him to plead guilty, which hearing was also held without notice to the attorney; that during June 1970, he authorized the electronic interception of conversations between an accused felon and his attorney; and that while acting as independent executor of the Kern Estate, he failed to include in the inventory of the estate his own personal promissory note which he owed the estate.'

"The Supreme Court of Texas did not remove Judge Brown from office. The Court held:

'Judge Brown should be reprimanded, or to use the constitutional term, he should be and is censured.'

"Justice Sam D. Johnson of the Supreme Court of Texas said in his dissenting opinion:

'Judge Brown's disregard for his obligation to the public, to the judiciary, and to his fellow judges was both wilful and persistent conduct inconsistent with the proper performance of his duties and as such fully justifies his removal from office.'

'In the words of the constitution Judge Brown should be removed from office for wilful or persistent conduct which is clearly inconsistent with the proper performance of his said duties or casts public discredit upon the judiciary or administration of justice.'

"I have purchased this ad because I believe that RAY ROBERTS has represented this Congressional District well and because I believe the people are entitled to know about the record of David H. Brown.

MURPH WILSON"

2.  ".  .  .  The truth of the statement, or statements, in such publication shall be a defense to such action  .  .  .  ."

Appellee attached to his motion for summary judgment a copy of the alleged libelous publication, a certified copy of the proceedings in the Supreme Court styled *"In the matter of David H. Brown"* and a copy of the opinion published in *In Re Brown*, 512 S.W.2d 317 (Tex.).

Appellant failed to file any counter-affidavits or other summary judgment evidence in opposition to that on file herein by appellee.

Based upon the pleadings on file, the summary judgment evidence filed by appellee and the court's review of the authorities, the trial court rendered judgment in favor of appellee granting the motion for summary judgment. From the action of the trial court in granting said motion for summary judgment, appellant has appealed.

Appellant's points of error are as follows:

1. The trial court erred in granting summary judgment for appellee on the basis of Tex.Rev.Civ.Stat.Ann. art. 5431 as the advertisement is not truthful or substantially truthful such as would constitute a defense to the libel action, and

2. The trial court abused its discretion in deciding the case summarily as fact issues remain which must be decided in a full trial.

A. The publication complained of is ambiguous and thus is a fact issue for consideration in trial.

B. Appellee has not satisfied the summary judgment burden of proving no fact issues remain.

Appellant argues that the advertisement was such as to lead "the ordinary reader to conclude that the recited findings of the State Judicial Qualifications Commission were adjudged by the Supreme Court of Texas to be true and were the basis for the reprimand or censure thereafter published" when, in fact, "the findings of the State Judicial Qualifications Commission were rejected by the Supreme Court, with the exception of that pertaining to the sanctioned electronic surveillance of a defendant in a capital murder case." Appellant contends that the advertisement "is libelous in that it presents a completely distorted picture of the actual facts and decision of the Supreme Court of Texas, and as such cannot be a truthful statement which would be a defense under art. 5431 to a libel action."

The beginning paragraph of the advertisement stated the volume and page (512 S.W.2d 317) where the Supreme Court Opinion styled *In re Brown* is to be found, and from which the quotations were taken. Then followed certain quotations from the Supreme Court's opinion which is shown in Footnote 1. The appellee therein clearly states that Judge Brown, the appellant, was not removed from office. This was immediately followed by a direct quotation of the Supreme Court's opinion that "Judge Brown should be reprimanded, or to use a constitutional term, he should be and is censured." The statements made in the political advertisement with reference to the findings of the State Judicial Qualifications Commission as stated in the advertisement were direct quotes from the Supreme Court's opinion.

When appellee quoted from Justice Johnson's dissenting opinion he specifically so stated that it was a dissent. He closed the advertisement with a statement declaring that the purpose of the advertisement was to inform the people (voters) of Judge Brown's record to which he believed they were entitled to know.

It has been recently demonstrated in this state that when the electorate is uninformed as to the record and background of a candidate for public office that there can and does result serious and grievous consequences.

The mere fact that the advertisement was published one day before the primary election does not constitute a libelous publication and neither does the fact that the advertisement quoted only a portion of the Supreme Court's opinion and not the entire opinion. The advertisement is an accurate quote from the court's opinion. We do not consider the advertisement to be deceptive or misleading nor presenting a distorted picture of the actual facts and decision of the Supreme Court in *In re Brown, supra.*

It is quite obvious that appellee did not have this advertisement published to aid appellant in his campaign for Congress. The general public having been apprised of the facts contained in the advertisement is calculated to and probably did cost appellant some votes. However, this alone does not make the advertisement libelous. Appellant cannot escape the fact that through the action of the State Judicial Qualifications Commission and the Texas Supreme Court he suffered a reprimand and censure based upon a thorough investigation of his activities. In our opinion this is the total and only import communicated by the advertisement at issue in this case. Nevertheless, through an abundance of caution, appellee explained to the general public the fact that the advertisement was not the complete opinion and cites the general public to the location where the entire opinion could be found, and that a portion of the language contained in the opinion came not from the Supreme Court but from the State Judicial Qualifications Commission.

Taking the political advertisement as a whole, it reflects that what is communicated therein is the fact that Judge Brown had been the subject of a judicial proceeding, wherein the State Judicial Qualifications Commission had made certain findings, which findings became public when filed with the Supreme Court. It further reflects that the Supreme Court then reviewed these findings and differed from them to the extent that it found and held that Judge Brown should be censured rather than removed; that Justice Johnson dissented from the majority opinion of the court; and, that the intention of appellee was simply to bring this matter to public attention as a fair and reasonable comment

based upon absolute truth and concerning a matter of ultimate public concern. This being true, appellee is protected by art. 5431, V.A.C.S. Moreover, the language is privileged pursuant to art. 5432, sec. 4,[3] V.A.C.S. Also as a matter of fact there is no defamation of appellant pursuant to art. 5430,[4] V.A.C.S. *Dudley v. Farmers Branch Daily Times*, 550 S.W.2d 99 (Tex.Civ.App.— Eastland 1977, writ filed); *Foster v. Laredo Newspapers, Inc.*, 541 S.W.2d 809, 811–812 (Tex.1976); *Traweek v. Radio Brady, Inc.*, 441 S.W.2d 240, 243 (Tex.Civ.App.—Austin 1969, writ ref'd n.r.e.); *Arant v. Jaffe*, 436 S.W.2d 169 (Tex.Civ.App.—Dallas 1968, n.w.h.).

The well established rule is that a summary judgment should be granted only if the summary judgment record establishes a right thereto as a matter of law. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827 (Tex. 1970); *Prestegord v. Glenn*, 441 S.W.2d 185 (Tex.1969); Rule 166–A(c), T.R.C.P. The ultimate question is whether the summary judgment proof establishes that there is no genuine issue as to any material fact. Rule 166–A(c), *supra*. Where, as here, the motion for summary judgment is supported by affidavits or other extrinsic evidence sufficient on its face to establish facts which, if proven at the trial, would enable the movant to an instructed verdict, the opponent must show opposing evidentiary evidence which will raise an issue as to a material fact. 4 McDonald, Texas Civil Practice, sec. 17.26.8 (IV) p. 156 (1971 ed.). As we view the record, there is nothing in the summary judgment proof raising a disputed issue of material fact. It follows therefore that the appellee was entitled to a summary judgment as a matter of law. The judgment of the trial court is affirmed.

3. "The publication of the following matters by any newspaper or periodical shall be deemed privileged and shall not be made the basis of any action for libel.

   .    .    .    .    .

   "Sec. 4. A reasonable and fair comment or criticism of the official acts of public officials and of other matters of public concern published for general information."

4. "A libel is a defamation expressed in printing or writing, or by signs and pictures, or draw-

ings tending to blacken the memory of the dead, or tending to injure the reputation of one who is alive, and thereby expose him to public hatred, contempt or ridicule, or financial injury, or to impeach the honesty, integrity, or virtue, or reputation of any one, or to publish the natural defects of any one and thereby expose such person to public hatred, ridicule, or financial injury."