**Carl Raymond CRITES, Appellant,**

v.

**Frederick F. MULLINS, Jr., Appellee.**

**No. 13-84-379-CV.**

Court of Appeals of Texas,
Corpus Christi.

Aug. 30, 1985.
Rehearing Denied Sept. 26, 1985.

Carl Raymond Crites, pro se.

William J. Chriss, Corpus Christi, for appellee.

Before NYE, C.J., and SEERDEN and BENAVIDES, JJ.

## OPINION

NYE, Chief Justice.

Appellant brought this suit to recover damages for allegedly defamatory state-

ments. Appellant's pleadings charged that appellee circulated by a telephone "News Line," and printed in a newspaper, false statements about appellant. The trial court rendered summary judgment that appellant take nothing.

Appellant alleged that:

At all times, relevant to this case, Appellee was the owner and publisher of *The Toast of The Coast Herald,* a weekly newspaper published in Rockport, Aransas County, Texas, and circulated in Aransas County and other surrounding counties. Appellant was an attorney at law who maintained offices in Rockport, Texas, and San Antonio, Texas. Appellant maintained a residence at Key Allegro Island near Rockport, Texas.

In connection with his newspaper, Appellee operated a telephone device for the publication of messages selected by himself. Appellee called the facility a "News Line". Upon dialing the advertised number a caller would hear a prerecorded message. On June 10, 1980, the message which Appellant and other callers heard was the following:

This is the Toast of The Coast Herald News Line. Advertise in the Herald for coverage throughout the Coastal Bend.

Carl Raymond Crites, wanted by law officers since the April beating of his wife at their fancy Key Allegro residence, turned himself in through his attorney Tuesday afternoon. He was immediately taken before Justice of the Peace William Walston who set a personal recognizance bond and released the prominent lawyer. More details in this week's Herald.

In the Wednesday, June 11, 1980, issue of *The Toast of The Coast HERALD,* under the headline, *PROMINENT LAWYER SOUGHT,* the following material appeared:

ROCKPORT—Prominent international lawyer Carl Raymond Crites is being sought by Aransas County law enforcement officers in connection with the mysterious assault on his wife, Mildred Crites in April of this year.

Sheriff Bob Hewes said this week that his office is looking for Crites on an April 28th warrant charging Crites with Aggravated Assault.

The assault allegedly occurred at the Crites' expensive Key Allegro home at 32 Flamingo. Mrs. Crites, after transport by private auto, reportedly spent three days in the Intensive Care Unit of a Corpus Christi hospital following the assault. During this time, law officers were forbidden access to her, according to Sheriff Hewes.

Mildred Crites was next reported to be in San Antonio, and her husband in England. A guardian was appointed for the couple's sixteen-year-old child during this period, and attempts to contact Carl Crites were fruitless.

The attorney has recently been reported in the Rockport area.

It is these two messages which Appellant claims are defamations of Appellant's character and are slanderous and libelous per se.

In his first point of error appellant contends that a genuine fact issue existed on (a) whether there had been a "mysterious assault" at appellant's residence; (b) whether there had been an "April Beating"; and (c) whether appellant's wife was hospitalized in the Intensive Care Unit of a Corpus Christi hospital for three days as a result of "an assault" upon her.

TEX.REV.CIV.STAT.ANN. art. 5432 (Vernon 1958) states:

The publication of the following matters by any newspaper of periodical shall be deemed privileged and shall not be made the basis of any action for libel.

1. A fair, true and impartial account of the proceedings in a court of justice, ... or any other official proceedings authorized by law in the administration of the law.

The District Attorney testified by deposition that he had custody of written instruments which included "a felony complaint signed by Mildred M. Crites and filed April

28, 1980; warrant of arrest for the felony offense of aggravated assault issued April 28, 1980; magistrate's form reflecting statutory warning of rights and setting of bail for [appellant]; and motion and order of dismissal signed September 18, 1980." The State's reasons for dismissal were that the "injured party requests that case not be prosecuted and expressed reluctance to be witness for State."

The official records custodian of the Physicians and Surgeons General Hospital in Corpus Christi testified by deposition that she had custody of the hospital records of the former Mrs. Carl Raymond Crites (Mildred Crites), which included original entries by the treating doctor or nurse; those records contained a Discharge Summary signed by the attending physician which related that Ms. Crites suffered from depression and multiple contusions and abrasions "apparently" caused by a beating "at the hands of her husband" after they had returned home from an evening of dancing and drinking.

Appellant sought to avoid the summary judgment by testifying in a deposition that the "opprobrium" implied by the published matter was misplaced because the injuries to Mildred Crites occured solely because of her own wrongful conduct. We recognize that fact issues may exist in this case, but the issues raised by appellant are not *material* to the legal principle involved, viz, whether appellee's communications were *privileged.*

■ To determine whether appellee's account of the judicial proceedings was "fair, true and impartial," it must be interpreted in the sense that the ordinary reader would understand; the statutory requirement that the published account be true is satisfied if it is substantially correct. *See: Walker v. Globe-News Publishing Company,* 395 S.W.2d 686 (Tex.Civ.App.—Amarillo 1965, writ ref'd. n.r.e.). A showing of substantial truth will defeat an allegation of libel, even where the misconduct charged may be exaggerated, if no more opprobrium would be attached to appellant's actions merely because of such exag-geration. *Downer v. Amalgamated Meatcutters and Butcher Workmen of North America,* 550 S.W.2d 744 (Tex.Civ.App.—Dallas 1977, writ ref'd. n.r.e.); *Dudley v. Farmers Branch Daily Times,* 550 S.W.2d 99 (Tex.Civ.App.—Eastland 1977, writ ref'd n.r.e.). The critical test is the effect on the mind of the reader or listener; if the effect on the mind of the recipient would be the same, any variance between the actions *charged* and the actions *proved* should be disregarded. We hold that appellee's published account of the judicial proceedings against appellant was at least *substantially* true, and was therefore conditionally privileged as a matter of law.

As a matter of contrast, the degree of false reporting which will require reversal is apparent in the case of *Express Publishing Company v. Gonzalez,* 350 S.W.2d 589 (Tex.Civ.App.—Eastland 1961, writ ref'd. n.r.e.). In that case the court affirmed a liability judgment against a newspaper for an article which correctly stated that the plaintiff had been charged with land fraud, but failed to state that the case had been dismissed, that an amended petition had been filed in which the plaintiff's name was not mentioned, and that the judgment restoring the land allegedly obtained by the plaintiff's fraud was solely against another party. The article merely stated that the trial court "returned the . . . land" and thus implied that the court had sustained the charge of fraud against the plaintiff—even though he was not even a party to the suit when judgment was rendered. The article also noted that the appeals court also found against plaintiff, but failed to state that the appellate judgment against him was solely as surety on the appeal bond for costs. Thus, even though isolated sentences were literally true, the article as a whole left an entirely untrue impression by omitting relevant facts which would plainly refute the false impression of the partial statement.

Similarly, in the case of *Denton Publishing Company v. Boyd,* 460 S.W.2d 881 (Tex.1970), the Supreme Court upheld a finding of liability against a newspaper

**718**

which reported the proceedings of a local City Council meeting as reflecting that the plaintiff had declared bankruptcy. In fact, it had only been *stated* at the meeting that plaintiff was bankrupt; thus, even though there was no evidence that malice existed, the newspaper failed to prove the existence of the conditional privilege accorded to reporting a "fair, true and impartial account of the proceedings."

In the case before us, the hospital records affirmatively reflect that appellee's published account of the incident was not only substantially true, but even somewhat mild; those records strongly suggest that the assault on Mildred Crites was not "mysterious" at all. Appellant also contends that the publication was ambiguous because a reader might have inferred that the "mysterious assault" was the sole cause of Mildred Crites' admission to Hospital Intensive Care. Even if this is true, we find no additional opprobrium here; the hospital records reflect that Ms. Crites was admitted not only because of her injuries, but also because she took a "large overdose" of Valium tablets and Darvon Compounds after the assault began. In addition, we emphasize that the gist of the publication was that appellant was sought for the "mysterious assault," and was only tangentially concerned with the extent of injuries to his wife. We find that appellee's communications, when read as a whole, were privileged by Article 5432, and that summary judgment was properly granted.

Appellant's points of error are overruled. The judgment of the trial court is AFFIRMED.