Charles Ben HOWELL, Appellant,

v.

Nathan Lincoln HECHT, Appellee.

No. 05–88–01446–CV.

Court of Appeals of Texas, Dallas.

May 29, 1991.

Rehearing Denied July 10, 1991.

**628**

Tom S. McCorkle, Dallas, for appellant.

Jack Pew, Jr., Dallas, for appellee.

Before PRESLAR,[1] SMITH,[2] and STEPHENS[3], JJ.

1. The Honorable Stephen F. Preslar, Chief Justice, Retired, Court of Appeals, Eighth District of Texas at El Paso, sitting by assignment.

2. The Honorable Jackson B. Smith, Jr., Justice, Retired, Court of Appeals, First District of Texas at Houston, sitting by assignment.

## OPINION

### PER CURIAM.

Charles Ben Howell appeals a take-nothing summary judgment on his action for defamation and for breach of the Texas Code of Judicial Conduct against appellee, Nathan Lincoln Hecht. In fifteen points of error, Howell alleges the trial court erred in holding, as a matter of law, Howell's petition had not stated a cause of action upon which he could recover damages, attorney fees, or costs. He also contends that the court erred in permitting Hecht to file an untimely supplemental motion for summary judgment and thereafter denying Howell's motion for a continuance.

### Facts

Howell and Hecht were opponents in a 1986 Republican party primary election for a seat on the Supreme Court of Texas. During the campaign, Hecht made the following statements about Howell: (1) that he was "widely considered an embarrassment to the judiciary and Republican party"; (2) that he had previously lost seven of nine campaigns for office; (3) that he was cited twice for contempt of court; (4) that the State Bar of Texas reprimanded him for misrepresenting facts in a divorce case; (5) that he had served thirteen weekends in jail for his contempt of court; (6) that he had worn pajamas to court; and (7) that he had been sued for disbarment twice.

Howell wrote Hecht to protest that these allegations were untrue. When Hecht refused to retract his statements, Howell filed suit. Hecht then informed the media that his allegations about Howell, whom Hecht characterized as a former appellate judge, were true and that the suit was "an obviously political move" to gain publicity. He also commented that "Howell can't run on his record, so he's got to resort to courthouse shenanigans like this."

3. The Honorable Bill J. Stephens, Justice, Retired, Court of Appeals, Fifth District of Texas at Dallas, sitting by assignment.

Howell's amended petition asserted two causes of action, one for slander and libel and one for breach of the Texas Code of Judicial Conduct. On July 22, 1988, Hecht filed a motion for summary judgment asserting several theories as a basis for judgment: (1) that actual malice, a necessary element of Howell's slander in a libel claim, was negated as a matter of law; (2) that Hecht's statements were, in whole or part, nonactionable opinions; (3) that the statements were substantially true; (4) that the statements were not defamatory as a matter of law; (5) that collateral estoppel barred Howell from contesting the substantial accuracy of some of the statements; and (6) that the Texas Code of Judicial Conduct does not create a private cause of action.

Howell responded to the motion. The motion was set for hearing on August 23, 1988; if the motion were to be denied, a jury trial was to follow immediately. On August 17, 1988, Hecht tendered a supplemental motion for summary judgment, along with a motion for leave to file it. Howell opposed the motion for leave to file, but moved alternatively to continue the summary judgment hearing until after the return of the jury verdict. The trial court granted Hecht's motion for leave to file the supplemental motion for summary judgment, denied Howell's motion for continuance, proceeded to entertain Hecht's motion for summary judgment, and granted it. This appeal results.

Summary Judgments in Defamation Cases

■ Howell initially alleges that the trial court erred in granting a summary judgment because it is virtually impossible in defamation cases involving public officials or public persons, for a defendant to show that there was no issue concerning "actual malice," an essential element in defamation cases. He cites two cases to support his position that in defamation cases, summary judgment may not be obtained. *Bessent v. Times–Herald Printing Co.*, 709 S.W.2d 635 (Tex.1986); and *Beaumont Enterprise & Journal v. Smith*, 687 S.W.2d 729 (Tex. 1985).

Howell filed his brief with this Court on February 21, 1989. Three months later, in May 1989, the Texas Supreme Court expressly overruled its prior rulings in *Beaumont Enterprise* and *Bessent*. *Casso v. Brand*, 776 S.W.2d 551, 559 (Tex.1989).

In *Casso*, the court rejected its prior reasoning in *Beaumont Enterprise* and *Bessent* wherein it had held that no quantum of proof offered by defendant could meet the requirements of Rule 166a of the Texas Rules of Civil Procedure because that rule requires that facts alleged in affidavits must be capable of being readily controverted, and "actual malice," being a subjective matter, could not be readily controverted by an opposing party. In *Casso*, the court explained its reasoning:

> In all other types of cases, our courts do not ordinarily deny otherwise appropriate summary judgment motions because of a subjective determination that the movant's proof cannot be readily controverted. Neither should they do [sic] in a defamation case involving a public official or public figure. We therefore overrule our decisions in *Beaumont* and *Bessent*.

*Casso*, 776 S.W.2d at 559.

This abrupt turnabout in reasoning by the court caused the court to be sharply divided. However, it has used analogous reasoning in two other cases to reach the same conclusion as in *Casso*. *See Carr v. Brasher*, 776 S.W.2d 567 (Tex.1989), and *McIlvain v. Jacobs*, 794 S.W.2d 14 (Tex. 1990). We hold that where a defendant complies with Tex.R.Civ.P. 166a, and presents proper proof, he may obtain a summary judgment in defamation cases. *McIlvain*, 794 S.W.2d at 16; *Carr*, 776 S.W.2d at 571.

■ Howell contends that the trial court erred in permitting Hecht to supplement his motion for summary judgment so soon before the hearing. We disagree. The Texas Rules of Civil Procedure expressly provide that a trial court may permit affidavits to be supplemented by depositions, and Hecht's supplemental motion offered, as further summary judgment evidence, nothing more than excerpts from the depo-

sitions of Howell and Hecht. *See* Tex. R.Civ.P. 166a(f). Howell argues that he needed more time to research or defend against new allegations contained in the supplemental motion, but he does not specify what the new allegations were or what the deposition extracts contained that were previously unknown to him.

■ Finally, he argues that, at least, the trial court erred in permitting the supplemental motion to be filed while not continuing the summary judgment hearing until after the jury had returned a verdict. We find no merit to this contention because it is self evident that after a jury verdict has been returned, any motion for summary judgment is moot.

Howell's points of error one and two are overruled.

### Slander and Libel Action

In Howell's points of error three through nine, he alleges that the trial court erred in making seven specific holdings that made his cause of action nonactionable. In this connection, we note that the trial court's order made no specific holdings. The order merely states "Defendant's motion for summary judgment is hereby granted...."

There are certain standards that must be applied in the resolution of defamation cases. It is well established that a public official cannot recover in a defamation case unless he proves (1) by clear and convincing evidence; (2) that the defendant made false and defamatory statements about the public official; and (3) that the statements about the public official were made by the defendant with actual malice. *Casso*, 776 S.W.2d at 554.

Because the trial court resolved this suit by summary judgment, we are required to review Howell's appeal by the following standards:

(1) The movant for summary judgment has the burden of showing that there is no genuine issue of material fact, and that it is entitled to judgment as a matter of law.

(2) In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

(3) Every reasonable inference must be indulged in favor of the non-movant, and any doubts resolved in its favor.

*Williams v. Glash*, 789 S.W.2d 261, 264 (Tex.1990).

We apply the *Casso* standard to Howell's allegation that Hecht made his statement with actual malice. The basis of Howell's allegation is that Hecht publicly repeated his statements about Howell even after Howell informed Hecht by letter that the statements were not true. Thus, Howell concludes the statements were made with actual malice.

■ As stated in *Casso:* actual malice, as used in defamation cases, is a term of art which is separate and distinct from traditional common law malice. It does not include ill will, spite, or evil motive, but rather requires sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication. It is not enough for a factfinder to disbelieve a defendant's testimony, rather, the plaintiff must offer clear and convincing affirmative proof to support a recovery. *Casso*, 776 S.W.2d at 558.

Looking at the facts of the present suit pertaining to actual malice, Hecht's summary judgment affidavit states in pertinent part:

I had no knowledge indicating to me that the complained of statements that I made were false at the time those statements were allegedly made. Further, at no time did I ever entertain any doubts as to the truth of those complained of statements that I made.

I have never had any spite or ill feelings toward Charles Ben Howell, nor have I ever had any reason or desire to want to dislike nor injure him.

■ Because the above statements by Hecht are clear, convincing, and readily controvertible, it became incumbent on Howell to offer sufficient summary judgment proof to raise an issue on the question of actual malice. Tex.R.Civ.P. 166a(c).

Howell's evidence to prove actual malice consisted of his deposition testimony, his letter to Hecht, and Hecht's repetition of prior statements after receipt of Howell's letter.

Howell's deposition testimony not only fails to set out facts to show any actual malice by Hecht but sets forth facts that explain how good faith misstatements could occur. He relies solely on Hecht's republication of his [Hecht's] prior statements, after receipt of Howell's letter, to prove that Hecht had serious doubts as to the truth of his public statements.

Howell's letter, after asserting that Hecht's statements were false, concludes:

I enclose a copy of those parts of [Hecht's original] letter discussing me. The entirety is a calculated, deliberate, and malicious attempt to libel and malign me and to blacken my name and reputation as a candidate for public office. Practically everything relates to a democratic political vendetta against me commencing on May 26, 1971, virtually 15 years ago.

I can fully document the falseness of these charges. For the moment, I enclose a clipping from a petition to the United States Supreme Court demonstrating beyond doubt that the statement "he has been reprimanded by the State Bar for misrepresenting facts in a divorce case" is palpably false and malicious.

We note that the above excerpt of Howell's letter does not state with specificity any facts which would inform Hecht that the statements he had made about Howell were false. Howell's reference to a "clipping from a petition" cannot be considered as evidence.

■ Pleadings are not usually considered legally cognizable evidence. *See Blum v. Mott*, 664 S.W.2d 741, 745 (Tex. App.—Houston [1st Dist.] 1983, no writ). However, even if we were to consider Howell's pleading as evidence, Howell does not deny that he has been reprimanded, adjudicated in contempt of court, and that such adjudication was confirmed on appeal. *See Ex parte Howell*, 488 S.W.2d 123, 127 (Tex.

Crim.App.1972), *cert. dism'd*, 414 U.S. 803, 94 S.Ct. 114, 38 L.Ed.2d 38 (1973).

We conclude that Howell failed to submit any specific affirmative proof to show that Hecht entertained serious doubts as to the truth of Hecht's publication. Thus, he failed to rebut Hecht's sworn testimony.

In the absence of any probative evidence by Howell, this leaves Hecht's unchallenged statements "at no time did I ever entertain any doubts as to the truth of those complained of statements that I made" as evidence on the question of actual malice.

■ We hold that Howell failed to offer sufficient evidence to raise an issue on the question of actual malice in Hecht's public statements about Howell. Having failed in this respect, Howell as a public official cannot recover on the basis of defamation without proof that the statement made by Hecht was made with the essential element of actual malice.

If a defendant establishes, as a matter of law, that at least one or more of the essential elements of a plaintiff's cause of action does not exist, the defendant is entitled to a summary judgment. *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970).

■ Moreover, in reviewing the record, we find that there are several other bases upon which the trial court could have held as a matter of law that Howell's defamation claim was without merit. First, the trial court could have determined that Hecht's statements were assertions of opinion, not actionable statements of facts. *See U.S. Const. Amend. I; Tex. Const. art. I, § 8; Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 339–40, 94 S.Ct. 2997, 3006–07, 41 L.Ed.2d 789 (1974). An essential element of a cause of action is that the alleged defamatory statement be a statement of fact rather than an opinion. *See A.H. Belo Corp. v. Rayzor*, 644 S.W.2d 71, 79 (Tex. App.—Fort Worth 1982, writ ref'd n.r.e.).

■ Second, the trial court could have determined that the statements were substantially true because there is sufficient evidence in the record to so hold. The

defense of truth does not require proof that the alleged defamatory statement is literally true in every detail; substantial truth is sufficient. *Downer v. Amalgamated Meatcutters & Butcher Workmen of North America*, 550 S.W.2d 744, 747 (Tex.Civ.App.—Dallas 1977, writ ref'd n.r.e.). After a review of the record, we hold that there was substantial truth in each of Hecht's statements. Thus, his statements were neither defamatory nor actionable.

■ Third, the trial court could have determined that since the statements made by Hecht were made during a political campaign and were substantially true, they were subject to fair and reasonable comment. It has long been accepted as a rule in Texas that when a person becomes a candidate for office, his character for honesty, integrity, and matters that surround him, which are calculated to affect his qualifications and fitness for office, can be placed before the public and are proper subjects for fair and reasonable comment. *Houston Press Co. v. Smith*, 3 S.W.2d 900, 906 (Tex.Civ.App.—Galveston 1928, writ dism'd). We conclude that Hecht's statements were fair, reasonable and substantially true, as well as being proper subjects for a political campaign. Thus, we conclude that the trial court could have granted Hecht's motion for summary judgment on Howell's claim on defamation on any one of several bases. We hold that the trial court did not err in entering summary judgment on Howell's slander and libel action.

Howell's points of error three through nine are overruled.

### Private Cause of Action Under the Texas Code of Judicial Conduct

■ Howell also alleged that Hecht violated the Texas Code of Judicial Conduct, and he has a cause of action under Canon 7 of the Code. He does not state in his brief how Canon 7 was violated but he argues that defamatory statements were made in violation of the Code and that the Code gave rise to a private cause of action to

him. He cites no authority for this proposition, and we can find nothing in the Texas Code of Judicial Conduct to support Howell's contention. To the contrary, we find that the only remedy or sanction that is afforded by the Code states: "Any judge who violates this Code shall be subject to sanctions by the State Commission on Judicial Conduct." Texas Code of Judicial Conduct, Canon 8J(2).[4] It is manifest that this is a public remedy afforded to the citizens of this State. There is nothing in the Code that, in any manner, indicates the Texas Supreme Court intended to create a private cause of action when it promulgated the Texas Code of Judicial Conduct. A similar contention, that the former Texas Code of Professional Conduct, applicable to attorneys, created a private remedy against an attorney's professional conduct, has been rejected. *See Martin v. Trevino*, 578 S.W.2d 763, 770 (Tex.Civ.App.—Corpus Christi 1978, writ ref'd n.r.e.). In *Martin*, the court concluded that the former Texas Code of Professional Conduct provided only a public remedy for an attorney's professional misconduct and did not create a private cause of action.

We hold that the Texas Code of Judicial Conduct does not create a private cause of action but only a public cause of action, and that the trial court properly granted a summary judgment on this ground.

Howell's point of error ten is overruled.

### Award of Costs and Nominal Damages

Howell asserts in his last five points of error that the trial court erred in not awarding him nominal damages and assessing all costs against him. He cites Texas Rules of Civil Procedure 137 and 141 to support his position on costs. Rule 137 is only applicable where "the verdict or judgment shall be for the plaintiff." Howell, as plaintiff, did not prevail, therefore, rule 137 is not applicable. Likewise, rule 141 is not applicable because it requires a court to state into the record why a good cause exists, if the court adjudges the cost otherwise than as provided by law or the Texas

**4.** Tex.Gov't Code Ann., Title 2, Subtitle G, § 3    (Vernon 1988).

Rules of Civil Procedure. There is nothing in our record to indicate that the court had any intention of finding good cause or to deviate from the general rule of assessing costs against the losing party.

As to Howell's assertion that he is entitled to nominal damages, he states that because the trial court prevented him from proving the falsity of Hecht's statements when it granted a summary judgment, and because Hecht admitted *arguendo* to making false statements, he is at least entitled to nominal damages. We find no merit to either of these contentions. First, we have held that the trial court properly granted a summary judgment. Second, a statement made *arguendo* is only a matter of argument or hypothetical illustration. As such, a statement made *arguendo* does not constitute a judicial admission. *See* BLACK'S LAW DICTIONARY, 107 (6th ed. 1990).

We overrule Howell's last five points of error.

The judgment of the trial court is affirmed.