ACCEPTED
06-15-00046-CV
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
12/17/2015 2:50:54 PM
DEBBIE AUTREY
CLERK

# No. 06-15-00046-CV

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
12/17/2015 2:50:54 PM
DEBBIE AUTREY
Clerk

**In the Court of Appeals
For the Sixth Judicial District
Sitting at Texarkana, Texas**

---

**EDDIE ANTHONY PATTERSON,
Appellant**

**v.**

**TV CHANNEL 25 BROADCAST STATION AND
ITS REPORTER ON MARCH 29, 2010,
Appellee**

---

Appealed from 170th Judicial District Court
McLennan County, Texas

---

# Appellee's Brief

Neal E. Pirkle
State Bar No. 00794464
pirkle@namanhowell.com
Robert R. Little
State Bar No. 24050940
little@namanhowell.com
**Naman, Howell, Smith & Lee, PLLC**
400 Austin Avenue, 8th Floor
Waco, Texas 76701
254-755-4100
254-754-6331 (fax)
**Attorneys for Appellee**

{03681434.DOC / 2}

# No. 06-15-00046-CV

**In the Court of Appeals**
**For the Sixth Judicial District**
**Sitting at Texarkana, Texas**

---

**EDDIE ANTHONY PATTERSON,**
Appellant

**v.**

**TV CHANNEL 25 BROADCAST STATION AND**
**ITS REPORTER ON MARCH 29, 2010,**
Appellee

---

## Certificate of Parties and Attorneys

Pursuant to Rule 38.1(a) of the Texas Rules of Appellate Procedure, Centex Television Limited Partnership, Appellee, supplies the following list of parties to the orders appealed from, and the names and addresses of counsel:

### Parties

Eddie Anthony Patterson. . ......................................... Appellant

Centex Television Limited Partnership. ..................... Appellee

**Attorneys**

Neal E. Pirkle ............................................................ Trial and Appellate
Robert R. Little                                                          Counsel for
Naman, Howell, Smith & Lee                                    Appellee/Defendant
P.O. Box 1470
Waco, Texas  76703
(254) 755-4100
(254) 754-6331 (facsimile)


Eddie Anthony Patterson .......................................... Pro Se
Inmate T.D.C.J. #01635370
C.T. Terrell Unit
1300 FM 655
Rosharon, Texas  77583

                                    */s/ Neal E. Pirkle*
                                    Neal E. Pirkle

# No. 06-15-00046-CV

**In the Court of Appeals**
**For the Sixth Judicial District**
**Sitting at Texarkana, Texas**

---

**EDDIE ANTHONY PATTERSON,**
**Appellant**

**v.**

**TV CHANNEL 25 BROADCAST STATION AND**
**ITS REPORTER ON MARCH 29, 2010,**
**Appellee**

---

## Statement Regarding Oral Argument

Appellee does not believe oral argument is necessary for this matter. However, in the event that the Court believes that oral argument will assist in the decision of this matter, Appellee wishes to participate. Appellee stands ready to participate in oral argument if the Court should determine it is beneficial.

# Table of Contents

Certificate of Parties and Attorneys ...........................................................................i

Statement Regarding Oral Argument ........................................................................iii

Table of Contents ...................................................................................................... iv

Index of Authorities................................................................................................... vi

Statement of the Case ................................................................................................. 2

Statement of the Issues ............................................................................................... 4

    *Issue No. 1:* ......................................................................................................4

    The Trial Court did not abuse its discretion when it denied Appellant's
    Motion for Appointment of Counsel. .......................................................................4

    *Issue No. 2:* ......................................................................................................4

    The Trial Court did not err in granting Centex Television's Motion to
    Dismiss. ...............................................................................................................4

    A.    Pursuant to Chapter 16 of the Texas Civil Practice & Remedies
    Code, Appellant's claims were barred by the statute of limitations........................4

    B.    Appellant's claims for defamation were properly dismissed
    because the Appellant cannot make a *prima facie* cause of action for
    such claim. ............................................................................................................4

    C.    Appellant's claims for constitutional violations were properly
    dismissed because Centex Television is not a state actor and because
    Plaintiff nonsuited these claims by his own admissions. .......................................4

Statement of the Facts................................................................................................. 4

Summary of the Argument ......................................................................................... 6

The Standard of Review ........................................................................................... 12

Argument of the Issues ............................................................................................. 13

    *Issue No. 1:* The Trial Court Did Not Abuse Its Discretion When It
    Denied Appellant's Motion for Appointment of Counsel.....................................13

*Issue No. 2:* The Trial Court Did Not Err In Granting Centex Television's Motion to Dismiss. ............................................................... 17

A. *Pursuant to Chapter 16 of the Texas Civil Practice & Remedies Code, Appellant's claims were barred by the statute of limitations.* ..................... 17

B. *Appellant's claims for defamation were properly dismissed because the Appellant cannot make a prima facie cause of action for such claim.* ................................................................................... 21

C. *Appellant's claims for constitutional violations were properly dismissed because Centex Television is not a state actor and because Plaintiff nonsuited these claims by his own admissions.* ....................................... 23

Conclusion & Prayer ........................................................................ 24

# Index of Authorities

## Cases

*Allen v. Port Drum Co.,* 777 S.W.2d 776 (Tex. App.—Beaumont 1989, writ denied) ..................................................................................................23

*Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40 (U.S. 1999) ...................................13, 27

*Assoc. Press v. Cook*, 17 S.W.3d 447 (Tex. App.--Houston [1st Dist.] 2000, no pet.) ......................................................................................................11, 25

*Bell Publishing Co. v. Garnett Engineering Co.*, 141 Tex. 51 (1943) ........................12, 25

*Coleman v. Lynaugh*, 934 S.W.2d 837 (Tex. App.-Houston [1st Dist.] 1996, no writ)...........................................................................................................14

*Crites v. Mullins*, 697 S.W.2d 715 (Tex. App. -- Corpus Christi 1985, writ ref'd n.r.e.) ..................................................................................................12, 25

*Dolcefino v. Randolph*, 19 S.W.3d 906 (Tex. App.--Houston[14th Dist.] 2000, pet. denied)...............................................................................................26

*Fort Worth Press Co. v. Davis*, 96 S.W.2d 416 (Tex. Civ. App. -- Fort Worth 1936, writ ref'd)..............................................................................................12

*Gibson v. Tolbert*, 102 S.W.3d 710 (Tex. 2003) ...........................................7, 8, 16, 17, 19

*Hall v. Treon*, 39 S.W.3d 722 (Tex. App.-Beaumont 2001, no pet.) ................................13

*Hines v. Massey*, 79 S.W.3d 269 (Tex. App.-Beaumont 2002, no pet.) ...........................13

*Kelley v. Rinkle,* 532 S.W.2d 947 (Tex. 1976) ............................................................9, 20

*Lassiter v. Department of Soc. Servs.*, 452 U.S. 18, 101 S. Ct. 2153, 2159, 68 L. Ed. 2d 640, 649 (1981)................................................................................16

*McIlvain v. Jacobs*, 794 S.W.2d 14 (Tex. 1990)......................................................25, 26

*Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767 (1986)................................11, 25

*Shivers v. State*, 873 S.W.2d 704 n.3 (Tex. App.-El Paso 1994, no pet.) ........................18

*Travelers Indemnity Co. v. Mayfield*, 923 S.W.2d 590 (Tex. 1996) .......................7, 16, 19

*Walker v. Schion* , 420 S.W.3d 454 (Tex. App.-Houston [14th Dist.] 2014, no
pet.) ....................................................................................................................... 14, 15

*Wilson v. Garcia*, 471 U.S. 261 (1985) ..................................................................... 10, 21

**Statutes**
Tex. Civ. Prac. & Rem. Code § 16.003(a) .................................................................. 10, 20

Tex. Civ. Prac. & Rem. Code §132.001 (2014) .......................................................... 17, 18

Tex. Civ. Prac. & Rem. Code, Section 27.002 ........................................................... 2, 5, 9

Tex. Civ. Prac. & Rem. Code §27.005 ............................................................................... 9

Tex. Gov't Code Ann. Section 24.016 (2014) ............................................................ passim

Texas Rule of Civil Procedure 91a ............................................................................. passim

# No. 06-15-00046-CV

**In the Court of Appeals**
**For the Sixth Judicial District**
**Sitting at Texarkana, Texas**

---

**EDDIE ANTHONY PATTERSON,**
**Appellant**

**v.**

**TV CHANNEL 25 BROADCAST STATION AND**
**ITS REPORTER ON MARCH 29, 2010,**
**Appellee**

---

# Appellee's Brief

To the Honorable Court of Appeals:

Comes now Centex Television Limited Partnership (incorrectly named by Plaintiff/Appellant as "TV Channel 25 Broadcast Station and Its Reporter on March 29, 2010" in the original pleading filed by the Appellant in the Trial Court), as Appellee, and files this Brief. In this Brief, every effort will be made to refer to the parties by name.

## Statement of the Case

This case involves the broadcast of a news story on March 29, 2010 by Centex Television Limited Partnership (hereinafter sometimes referred to as "Centex Television") regarding the conviction of Eddie Anthony Patterson for aggravated kidnapping. Eddie Anthony Patterson originally brought this case by filing his "Brief Statement of this Cause of Action/Claim for Damages/Relief" (hereinafter "Brief Statement") on March 13, 2015 in the 170th Judicial District Court of McLennan County, Texas against "TV Channel 25 Broadcast Station and Its Reporter on March 29, 2010." On or about March 27, 2015, "TV Channel 25 Broadcast Station" was served with Eddie Anthony Patterson's Brief Statement. On April 10, 2015, Centex Television Limited Partnership, which was incorrectly named by Eddie Anthony Patterson as "TV Channel 25 Broadcast Station and Its Reporter on March 29, 2015," filed its Original Answer. On April 10, 2015, Centex Television Limited Partnership also filed its Motion to Dismiss pursuant to Texas Rule of Civil Procedure 91a and/or Section 27.002 of the Civil Practice & Remedies Code.

Eddie Anthony Patterson asserted claims against Centex Television for: (1) slander, libel and/or defamation; and (2) violations of alleged constitutional rights. Centex Television sought dismissal of all of Mr. Patterson's causes of action because (1) the statute of limitations had run for any potential claim, (2) Centex

Television could not have committed constitutional violations against Mr. Patterson because Centex Television is not a state actor, and (3) Mr. Patterson could not make a prima facie case of defamation because the broadcast was true, or at a minimum, substantially true, and because there was not wrongful conduct by Centex Television.

While the Motion to Dismiss was pending, Eddie Anthony Patterson filed his "Motion for Recruitment of IOLTA Punded or Pro Bono Counsel" (which the Trial Court interpreted to be and was referred to as "Plaintiff's Motion for Recruitment of IOLTA Funded or Pro Bono Counsel." In this Motion, Appellant Eddie Anthony Patterson requested an order appointing counsel to represent him in this civil matter. On June 19, 2015, the Trial Court denied Eddie Anthony Patterson's Motion for Appointment of Counsel and granted the Motion to Dismiss of Centex Television. It is from that order that Appellant appeals.

## Statement of the Issues

*Issue No. 1:*

**The Trial Court did not abuse its discretion when it denied Appellant's Motion for Appointment of Counsel.**

*Issue No. 2:*

**The Trial Court did not err in granting Centex Television's Motion to Dismiss.**

    **A.**     **Pursuant to Chapter 16 of the Texas Civil Practice & Remedies Code, Appellant's claims were barred by the statute of limitations.**

    **B.**     **Appellant's claims for defamation were properly dismissed because the Appellant cannot make a *prima facie* cause of action for such claim.**

    **C.**     **Appellant's claims for constitutional violations were properly dismissed because Centex Television is not a state actor and because Plaintiff nonsuited these claims by his own admissions.**

## Statement of the Facts

This is a defamation case that stems from the June 24, 2009, sexual assault of a female by the Appellant, Eddie Anthony Patterson. (C.R. 27). On March 29, 2010, Eddie Anthony Patterson pled guilty to aggravated kidnapping from this event. (C.R. 26-31). On that same day, Centex Television broadcast a story concerning his conviction for aggravated kidnapping, which he had previously confessed of and pled guilty to. (C.R. 22-31). This was part of a plea arrangement

between the State of Texas and the Defendant Eddie Anthony Patterson. (C.R. 26-31).

As part of the plea arrangement, Eddie Anthony Patterson confessed to and admitted to "intentionally or knowingly . . . inflict[ing] bodily injury on" his victim. (C.R. 27). He also confessed to terroriz[ing] his victim, and "intentionally or knowingly abduct[ing]" his victim. (C.R. 27). Appellant Patterson then pled guilty to Aggravated Kidnapping. (C.R. 30). On the same day as his conviction, Centex Television reported the details of Eddie Anthony Patterson's conviction and the events had occurred earlier that day in the criminal court. (C.R. 22-25).

Eddie Anthony Patterson brought this suit against "TV Channel 25 Broadcast Station and Its Reporter on March 29, 2010" on March 13, 2015 in a pleading he entitled "Brief Statement of this Cause of Action/Claim for Damages/Relief." (C.R. 5-6) Centex Television, as the proper entity, filed its Original Answer on April 10, 2015. (C.R. 11-12). Simultaneously with the filing of its Original Answer, Centex Television filed its Motion to Dismiss pursuant to Rule 91a and/or Section 27.002 of the Civil Practice & Remedies Code. (C.R. 13-31). On or about April 30, 2015, Appellant then filed his Motion for Recruitment of Counsel. (C.R. 33). On June 19, 2015, the Trial Court denied Appellant's request for counsel and granted the Motion to Dismiss. (C.R. 40). Subsequently, Appellant filed his Notice of Appeal. (C.R. 41).

In the Trial Court, the Appellant never mentioned a previous lawsuit. (C.R. 1-61). However, in his brief, Appellant Eddie Anthony Patterson tries to toll the statute of limitations by referencing that "this LAWSUIT was a SUPPLIMENTAL PLEADING to an Original Lawsuit that was Filed in a timely fashion in the Wrong Jurisdiction." (Appellant's Brief pg. 4). Based upon Appellant's allegations in his brief, counsel for Centex Television found a matter brought by Eddie Anthony Patterson against Beth Toben, TV Channel 25 Broadcast Station, the Court Reporter Employed by McLennan County of Texas, and the McLennan County Records Department. (Appendix B, 1-23). This lawsuit in Federal Court was filed on February 27, 2012 by Eddie Anthony Patterson. (Appendix B, 1-9). Appellant then filed a Motion to Dismiss in Lieu of Objection on July 14, 2014. (Appendix B, 16). The federal lawsuit brought by Eddie Anthony Patterson was then dismissed by Order of the Honorable Walter S. Smith, Jr. on July 16, 2014. (Appendix B, 18). This Order dismissing the lawsuit does not indicate that it is a dismissal because of lack of jurisdiction. (Appendix B, 18).

### Summary of the Argument

The Trial Court properly refused to appoint counsel to Eddie Anthony Patterson. Except in a few statutorily created circumstances, trial courts have discretion to appoint counsel for indigent litigants in civil cases. Tex. Gov't Code Ann. Section 24.016 (2014). *Travelers Indemnity Co. v. Mayfield*, 923 S.W.2d

590, 593 (Tex. 1996); *Gibson v. Tolbert*, 102 S.W.3d 710, 712 (Tex. 2003)(listing the statutorily created circumstances for required appointment of counsel). Only in exceptional circumstances could a trial court appoint counsel to an indigent civil litigant, and only after the litigant files an affidavit that he is too poor to employ counsel. *Gibson,* 102 S.W.3d at 713. In evaluating what might constitute exceptional circumstances, courts are to consider the unique circumstances of the case and determine whether the trial court had no reasonable alternative but to appoint counsel. *Id.*

In this matter, the Trial Court properly refused to appoint counsel for two reasons. First, the Appellant never filed a document that would qualify as an affidavit that he was too poor to employ counsel. This is a prerequisite for the appointment of counsel. Second, this case is not the type of exceptional circumstances that would justify appointment of counsel. This is a simple defamation case. There is nothing about this case that makes the public or private interests at stake such that the administration of justice is best served by appointing a lawyer to represent the civil litigant. *Travelers*, 923 S.W.2d at 594; *Gibson*, 102 S.W.3d at, 712. There is nothing complex about this case. It is a defamation case brought based upon a broadcast concerning a felony conviction. If this is the type of case that requires the appointment of counsel, every case brought by a pro se litigant that concerns a tort would require a trial court to appoint counsel. Both of

these reasons standing alone demonstrate that the Trial Court did not abuse its discretion in refusing to appoint counsel.

The Trial Court properly dismissed Eddie Anthony Patterson's claims. Centex Television filed its Motion to Dismiss in the Trial Court under the authority of Texas Rules of Civil Procedure 91a and under Chapter 27 of the Texas Civil Practice and Remedies Code. Under Rule 91a, the Trial Court shall dismiss a cause of action that has no basis in law or fact. Tex. R. Civ. P. 91a.1. Centex Television also files this Motion to Dismiss pursuant to the Citizens Participation Act. This Act became law in 2011, and was intended to "encourage and safeguard" the constitutional right to free speech, along with other basic First Amendment rights. *Tex. Civ. Prac. & Rem. Code* §27.002. Accordingly, the Citizens Protection Act provides that actions like this one, which relate to or arise out of a party's exercise of their right of free speech, shall be dismissed unless the plaintiff can establish a prima facie case on each essential element of the claim in question. *Tex. Civ. Prac. & Rem. Code* §27.005.

Dismissal by the Trial Court was proper. All of Appellant Patterson's causes of action are barred by the applicable statute of limitations. Second, the cause of action really being brought by Eddie Anthony Patterson is for defamation and he can not establish a prima facie case for the necessary elements. Finally, Eddie Anthony Patterson's claims for any constitutional violations against Centex

Television were properly dismissed because Centex Television is not a governmental actor and Appellant Patterson admitted that the claims for constitutional violations are not longer part of this suit. (Appellant's Brief pg. 4). Therefore, the Trial Court properly dismissed Plaintiff's claims.

The claims brought herein are barred by the statute of limitations. The event that Eddie Anthony Patterson complains of occurred on March 29, 2010. (C.R. 5-6). The statute of limitations for libel, slander, and defamation is one year. *Kelley v. Rinkle,* 532 S.W.2d 947, 949 (Tex. 1976). Under Texas law, a claim for torts, like negligence or intentional infliction of emotional distress, must be brought within the two-year statute of limitations. Tex. Civ. Prac. & Rem. Code § 16.003(a). Additionally, the United States Supreme Court has held that the limitations for Constitutional violations are best characterized as personally injury claims, which have a two year statute in Texas. *Wilson v. Garcia*, 471 U.S. 261, 278 (1985). All of the conceivable tort claims that Plaintiff could be alleging either have a one year or a two year statute of limitations. Appeallant filed this lawsuit over 4 years and 11 months after the events of the occurrence in question. Therefore, it is clear that all of Plaintiff's claims, whether libel, slander, defamation or constitutional violations are barred by the applicable statute of limitations.

For the first time in this appeal, Eddie Anthony Patterson tries to toll the statute of limitations by referencing that "this LAWSUIT was a SUPPLIMENTAL PLEADING to an Original Lawsuit that was Filed in a timely fashion in the Wrong Jurisdiction." (Appellant's Brief pg. 4). This argument fails for several reasons as set forth in more detail below. First, there was nothing in the record for the Trial Court to consider regarding a previous lawsuit. Second, the previous federal lawsuit does not meet the statutory requirements to toll a statue of limitations. Third, even if this Court is to consider the previous lawsuit, this matter is still untimely. Therefore, dismissal of the Appellant's claims was proper based upon the statute of limitations.

The Trial Court properly dismissed the claims of Eddie Anthony Patterson because he could not establish a prima facie claim of defamation. In order to establish a prima facie cause of action for defamation, a plaintiff must prove that the defendant (1) published a false statement about the plaintiff, (2) that statement was defamatory, and (3) that the defendant made the statement while acting with either actual malice, if the plaintiff was a public official or public figure, or negligence, if the plaintiff was a private individual, regarding the truth of the statement. *Assoc. Press v. Cook*, 17 S.W.3d 447, 452 (Tex. App.--Houston [1st Dist.] 2000, no pet.). A "private-figure plaintiff must bear the burden of showing that the speech at issue is false before recovering damages for defamation from a

media defendant." *Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767, 787 (1986). Under Texas law, a media defendant need only prove that what they published or broadcast was "substantially true" in order to defeat a claim for defamation or slander. *Crites v. Mullins*, 697 S.W.2d 715, 717 (Tex. App. -- Corpus Christi 1985, writ ref'd n.r.e.); *Fort Worth Press Co. v. Davis*, 96 S.W.2d 416, 419 (Tex. Civ. App. -- Fort Worth 1936, writ ref'd); see also *Bell Publishing Co. v. Garnett Engineering Co*., 141 Tex. 51, 60 (1943).

In the Trial Court, Eddie Anthony Patterson failed to make a prima facie case of defamation because he failed to establish (1) Centex Television published a false statement about him, and (2) that Centex Television acted with either actual malice or negligence. An absence of either one of these three elements and Appellants case must fail. Two of the elements are missing. Therefore, the Trial Court properly dismissed the claims of Eddie Anthony Patterson.

Eddie Anthony Patterson's constitutional claims were also properly dismissed by the Trial Court. To be liable for a constitutional violation, the Defendant must be a state actor. To state a claim for relief, the Plaintiff must establish that he was deprived of a right secured by the Constitution of the United States, and that the alleged deprivation was committed under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (U.S. 1999). The state-action requirement excludes from its reach "merely private conduct, no matter how

discriminatory or wrongful." *Id.* Here, Centex Television is a privately owned business. It is not an arm of the government. As such, Centex Television cannot be liable to the Plaintiff for any constitutional violations. Therefore, the Trial Court properly dismissed Eddie Anthony Patterson's claims for constitutional violations. Further, Appellant admits that the claims for constitutional violations are not longer part of this suit. (Appellant's Brief pg. 4).

## The Standard of Review

In reviewing the Trial Court's ruling on Appellant Eddie Anthony Patterson's request for counsel, the appellate court uses the abuse of discretion standard. *Hines v. Massey*, 79 S.W.3d 269, 272 (Tex. App.-Beaumont 2002, no pet.); *see also Hall v. Treon*, 39 S.W.3d 722, 724 (Tex. App.-Beaumont 2001, no pet.); *Coleman v. Lynaugh*, 934 S.W.2d 837, 839 (Tex. App.-Houston [1st Dist.] 1996, no writ). Only if the trial court abused its discretion in failing to appoint counsel, can the appellate court reverse. *Id.*

With regard to a motion to dismiss under Rule 91a and Chapter 27 of the Texas Civil Practice and Remedies Code, both are reviewed under the *de novo* standard. *Walker v. Schion* , 420 S.W.3d 454, 457 (Tex. App.-Houston [14th Dist.] 2014, no pet.); *Wooley v. Schaffer*, 447 S.W.3d 71, 74-75 (Tex. App.-Houston [14th Dist.] 2014, pet. denied). However, what is reviewed under a Motion to Dismiss under the Citizens Participation Act and Rule 91a differ. Under the

Citizens Participation Act, the appellate court determines "*de novo* whether the record contains a minimum quantum of clear and specific evidence that, unaided by inferences, would establish each essential element of the claim in question if no contrary evidence is offered." *Walker,* 420 S.W.3d at 457. Further, the trial court when considering a Motion to Dismiss under the Citizens Participation Act "shall consider the pleadings and supporting and opposing affidavits stating the facts on which the liability or defense is based." *Id.;* Tex. R. Civ. Prac. & Rem. Code Ann. §27.006(a). However, under a Rule 91a Motion to Dismiss, the court looks at the pleadings and pleader's intent. *Wooley,* 447 S.W.3d at 75. Rule 91a requires the Court to determine whether a "reasonable person could believe the facts pleaded" to determine whether a pleading has a basis in fact. *Id.;* Tex. R. Civ. P. 91a.1.

**Argument of the Issues**

***Issue No. 1:*** **The Trial Court Did Not Abuse Its Discretion When It Denied Appellant's Motion for Appointment of Counsel.**

The Trial Court properly refused to appoint counsel to Eddie Anthony Patterson. Generally, a civil litigant has no state or federal constitutional right to the appointment of counsel. *See Lassiter v. Department of Soc. Servs.*, 452 U.S. 18, 26-27, 101 S. Ct. 2153, 2159, 68 L. Ed. 2d 640, 649 (1981); *Travelers Indem. Co. v. Mayfield*, 923 S.W.2d 590, 593 (Tex. 1996) (orig. proceeding). Except in a few statutorily created circumstances, trial courts have discretion to appoint

counsel for indigent litigants in civil cases. Tex. Gov't Code Ann. § 24.016 (2014); *Travelers Indemnity Co.,* 923 S.W.2d at 593; *Gibson v. Tolbert*, 102 S.W.3d 710, 712 (Tex. 2003)(listing the statutorily created circumstances for required appointment of counsel).

The Texas Supreme Court has never held that a civil litigant must be represented by counsel in order for a court to carry on its essential, constitutional function. *Travelers Indemnity Co.,* 923 S.W.2d at 594. Only in exceptional circumstances, a trial court could appoint counsel to an indigent civil litigant, and only after the litigant files an affidavit that he is too poor to employ counsel. *Gibson,* 102 S.W.3d at 713. In evaluating what might constitute exceptional circumstances, courts are to consider the unique circumstances of the case and determine whether the trial court had no reasonable alternative but to appoint counsel. *Id.* The Texas Supreme Court has stated it is "easier to determine what is not exceptional than to pronounce a general proposition on what would be exceptional." *Id.*

In this matter, the Trial Court properly refused to appoint counsel for the Appellant because he never filed a document that would qualify as an affidavit that he was too poor to employ counsel. The filing of such affidavit, or a proper substitute, is clearly a prerequisite for the appointment of counsel under Section 24.016 of the Texas Government Code. Tex. Gov. Code § 24.016 (2014).

{03681434.DOC / 2}                                    14

In an attempt to comply with Section 24.016, Appellant Eddie Anthony Patterson filed Plaintiff's Declaration of Inability to Pay Costs. (C.R. 8). Instead of providing an affidavit, Appellant provided a document to the Trial Court pursuant to Section 132.001 of the Texas Civil Practice and Remedies Code. This section allows an inmate to provide an unsworn declaration in lieu of an affidavit if the declaration is, among other things, (1) in writing, (2) "subscribed" by the person making the declaration, and (3) made under the penalty of perjury. Tex. Civ. Prac. & Rem. Code §132.001 (2014). Subscribed means to "sign at the end of the document." *Shivers v. State*, 873 S.W.2d 704, 708-09 n.3 (Tex. App.-El Paso 1994, no pet.).

The Appellant, Eddie Anthony Patterson, did not sign his declaration. (C.R. 8). Therefore, he did not comply with the requirements of Section 132.001 of the Texas Civil Practice and Remedies Code. Without having provided an affidavit, or a suitable substitute under Section 132.001, Eddie Anthony Patterson failed to comply with the requirements of Section 24.016 of the Texas Government Code, and the Trial Court did not abuse its discretion by denying the Appellants request for counsel.

The Trial Court did not abuse it discretion by not appointing counsel for the Appellant for an additional reason: this case is not the type of exceptional circumstance that warrants the appointment of counsel. The present case is a

simple defamation case. There is nothing about this case that makes the public or private interests at stake such that the administration of justice is best served by appointing a lawyer to represent the civil litigant. *Travelers*, 923 S.W.2d at 594; *Gibson*, 102 S.W.3d at, 712. There is nothing complex about this case. It is a defamation case brought based upon a broadcast concerning a felony conviction. (C.R. 26-31). If this is the type of case that requires the appointment of counsel, every case brought by a pro se litigant that concerns a tort would require a trial court to appoint counsel.

As previously stated by the Texas Supreme Court, it is "easier to determine what is not exceptional than to pronounce a general proposition on what would be exceptional." *Gibson,* 102 S.W.3d at 713. It is clear that this is not the type of matter that is exceptional. Further, there are no appellate court opinions finding a case is exceptional under the Section 24.016. Given the nature of this case, if some of the more unusual cases have been held to not be exceptional, this matter can not be exceptional. Therefore, the Trial Court did not abuse its discretion in not appointing counsel to the Appellant.

Either of the two above reasons, standing alone, demonstrate that the Trial Court did not abuse its discretion in refusing to appoint counsel. Therefore, this Court should affirm the Trial Court's denial of the Motion to Appoint Counsel.

***Issue No. 2:*** **The Trial Court Did Not Err In Granting Centex Television's Motion to Dismiss.**

### *A. Pursuant to Chapter 16 of the Texas Civil Practice & Remedies Code, Appellant's claims were barred by the statute of limitations.*

The claims brought by Eddie Anthony Patterson are barred by the statute of limitations. The broadcast about which Eddie Anthony Patterson complains, and which forms the basis for all of Eddie Anthony Patterson's claims in the present case, aired on March 29, 2010 broadcast. (C.R. 5-6). Therefore, all of Eddie Anthony Patterson's claims accrued on March 29, 2010. However, the present case was not filed until March 13, 2015, almost five years from the date in question. Therefore, the claims are barred by the statute of limitations.

The statute of limitations for libel, slander, and defamation is one year. *Kelley v. Rinkle,* 532 S.W.2d 947, 949 (Tex. 1976). Under Texas law, a claim for negligence or personal injury must be brought within the two-year statute of limitations. Tex. Civ. Prac. & Rem. Code § 16.003(a). Further, the statute of limitations for intentional infliction of emotional distress is two years. *Id.* Additionally, the United States Supreme Court has held that the limitations for Constitutional violations are best characterized as personally injury claims, which have a two year statute in Texas. *Wilson v. Garcia*, 471 U.S. 261, 278 (1985).

The gist of Eddie Anthony Patterson's complaint is defamation. Therefore, his lawsuit is barred by the one year limitations for defamation. Even giving Mr.

Patterson all benefits concerning the limitations period, his lawsuit is barred by limitation. All conceivable tort claims that Plaintiff could be alleging either have a one year or a two year statute of limitations, at most. Appellant filed this lawsuit over 4 years and 11 months after the events of the occurrence in question. Therefore, it is clear that all of Plaintiff's claims; whether libel, slander, defamation or constitutional violations, are barred by the applicable statute of limitations.

For the first time in this appeal, Eddie Anthony Patterson tries to toll the statute of limitations by referencing that "this LAWSUIT was a SUPPLIMENTAL PLEADING to an Original Lawsuit that was Filed in a timely fashion in the Wrong Jurisdiction." (Appellant's Brief pg. 4). This argument fails for several reasons. First, there was nothing in the record for the Trial Court to consider regarding a previous lawsuit. Second, the previous lawsuit does not meet the statutory requirements to toll a statue of limitations. Third, even if this Court is to consider the previous lawsuit, this matter is still untimely. Therefore, dismissal of the Appellant's claims was proper based upon the statute of limitations.

The statute of limitations is not tolled because Eddie Anthony Patterson did not provide the trial court with a record of his previous lawsuit. (C.R. 1-61). Therefore, there was nothing for the Trial Court to consider that would have allowed the statute of limitations to be tolled under § 16.064 of the Texas Civil

Practice & Remedies Code. Therefore, the dismissal by the Trial Court was proper and the judgment should be affirmed.

Even through there is nothing in the record to support these facts, Appellant Eddie Anthony Patterson brought suit against Beth Toben, TV Channel 25 Broadcast Station, the Court Reporter Employed by McLennan County of Texas, and the McLennan County Records Department. (Appendix B, 1-23). This lawsuit was filed in Federal Court on February 27, 2012 by Eddie Anthony Patterson. (Appendix B, 1-9). Plaintiff then filed a Motion to Dismiss in Lieu of Objection on July 14, 2014. (Appendix B, 16). The federal lawsuit brought by Eddie Anthony Patterson was then dismissed by Order of the Honorable Walter S. Smith, Jr. on July 16, 2014. (Appendix B, 18). This Order dismissing the lawsuit does not indicate that it is a dismissal because of lack of jurisdiction. (Appendix B, 18). A dismissal in federal court must indicate that the dismissal is for lack of jurisdiction for section 16.064 to apply. *Allen v. Port Drum Co.,* 777 S.W.2d 776, 778 (Tex. App.—Beaumont 1989, writ denied). The federal court order did not indicate that the lack of jurisdiction was the reason for dismissal. (Appendix B, 18). Section 16.064 does not apply. Therefore, the tolling statute does not apply and Eddie Anthony Patterson's claims are barred by the statute of limitations.

Finally, even if this Court were to assume that § 16.064 applies and tolls the statute of limitations during the pendency of the federal matter, Eddie Anthony

Patterson's claims are barred by the statute of limitations. The broadcast that Appellant complains of occurred on March 29, 2010. (C.R. 5-7, 22-25). The federal lawsuit was not filed by Eddie Anthony Patterson until February 27, 2012. (Appendix B, 1-9). The time between the incident in question and the filing of the federal lawsuit was 1 year, 10 months and 28 days. Thus, the claims asserted by Eddie Anthony Patterson, which amount to nothing more than an allegation of defamation, are barred by the 1 year statute of limitations.

However, if we continue the analysis, the federal lawsuit was dismissed on July 16, 2012. (Appendix B, 18). If the 60 days are then added following the dismissal (pursuant to Section 16.064), we have the date of September 14, 2012. The lawsuit in question was not filed until March 13, 2015. (C.R. 5). The time between the 60th day after dismissal of the federal lawsuit and the filing of this lawsuit adds an additional 1 year, 5 months and 20 days to the timeline. This means if this Court were to assume that the tolling statute applies, which it does not, then 3 years, 4 months and 17 days passed in which there was no tolling of limitations before the Appellant filed suit. Therefore, giving Eddie Anthony Patterson all the benefits of the doubt under the statute of limitations, all conceivable claims that he could have asserted were barred.

There is no conceivable factual basis in the record or otherwise that would allow Eddie Anthony Patterson's claims to exist because they were barred by the

statute of limitations. Therefore, the Trial Court properly dismissed Eddie Anthony Patterson's claims. Therefore, this Court should affirm the trial court's dismissal of this suit.

### B. Appellant's claims for defamation were properly dismissed because the Appellant cannot make a prima facie cause of action for such claim.

The Trial Court properly dismissed the claims of Eddie Anthony Patterson because he could not establish a prima facie claim of defamation. In order to establish a prima facie cause of action for defamation, a plaintiff must prove that the defendant (1) published a false statement about the plaintiff, (2) that statement was defamatory, and (3) that the defendant made the statement while acting with either actual malice, if the plaintiff was a public official or public figure, or negligence, if the plaintiff was a private individual, regarding the truth of the statement. *Assoc. Press v. Cook*, 17 S.W.3d 447, 452 (Tex. App.--Houston [1st Dist.] 2000, no pet.). In *Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767 (1986), the United States Supreme Court held that a "private-figure plaintiff must bear the burden of showing that the speech at issue is false before recovering damages for defamation from a media defendant." *Philadelphia Newspapers, Inc. v. Hepps*, 475 U.S. 767 (1986).

Under Texas law, a media defendant need only prove that what they published or broadcast was "substantially true" in order to defeat a claim for

defamation or slander. *Crites v. Mullins*, 697 S.W.2d 715, 717 (Tex. App. -- Corpus Christi 1985, writ ref'd n.r.e.); *Fort Worth Press Co. v. Davis*, 96 S.W.2d 416, 419 (Tex. Civ. App. -- Fort Worth 1936, writ ref'd); see also *Bell Publishing Co. v. Garnett Engineering Co.*, 141 Tex. 51, 60 (1943). A statement is substantially true, and thus not actionable, if its "gist" or "sting" is not substantially worse than the literal truth. *McIlvain v. Jacobs*, 794 S.W.2d 14, 16 (Tex. 1990); *Dolcefino v. Randolph*, 19 S.W.3d 906, 921 (Tex. App.--Houston[14th Dist.] 2000, pet. denied). The Court need only determine whether, in the mind of the average person who read the statement, the alleged defamatory statement was more damaging to the plaintiff's reputation than a truthful statement would have been. *McIlvain*, 794 S.W.2d at 16; *Dolcefino*, 19 S.W.3d at 921. Thus, if the gist of the statement is no more damaging than an absolutely truthful statement would have been then the statement is considered substantially true and non-actionable.

In the Trial Court, Eddie Anthony Patterson failed to make a prima facie case of defamation because he failed to establish that Centex Television published a false statement about him. A review of everything in the record shows that the broadcast was true, or at a minimum, substantially true. (C.R. 26-30). Eddie Anthony Patterson did not establish that the broadcast was false. Therefore, the Trial Court properly dismissed Eddie Anthony Patterson's claims and the Judgment should be affirmed.

There was also no showing in the Trial Court that Centex Television acted with either actual malice or negligence. A necessary element for a claim of defamation is wrongful conduct. There was no showing in the Trial Court that Centex Television acted with malice or negligence. Without a showing or an essential element of Appellant's claim for defamation, the claim must be dismissed.

With an absence of either one of these two elements, Appellants case must fail. With missing elements to his claim, the Trial Court properly dismissed the claims of Eddie Anthony Patterson.

### C. Appellant's claims for constitutional violations were properly dismissed because Centex Television is not a state actor and because Plaintiff nonsuited these claims by his own admissions.

Eddie Anthony Patterson's constitutional claims were also properly dismissed by the Trial Court. To be liable for a constitutional violation, the Defendant must be a state actor. To state a claim for relief, the Plaintiff must establish that he was deprived of a right secured by the Constitution of the United States, and that the alleged deprivation was committed under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (U.S. 1999). The state-action requirement excludes from its reach "merely private conduct, no matter how discriminatory or wrongful." *Id.* Here, Centex Television is a privately owned business. (C.R.21). It is not an arm of the government. (C.R. 21). As such,

Centex Television cannot be liable to the Plaintiff for any constitutional violations. Therefore, the Trial Court properly dismissed Eddie Anthony Patterson's Plaintiff's claims for constitutional violations.

Appellants claims for constitutional violations were also properly dismissed because they were abandoned by Eddie Anthony Patterson. Appellant admits that the claims for constitutional violations are not longer part of this suit. (Appellant's Brief pg. 4). Therefore, the Trial Court Properly dismissed these constitutional claims and the Judgment should be affirmed. Either of these two reasons are sufficient to affirm the Trial Court's dismissal of the constitutional claims by Eddie Anthony Patterson.

## Conclusion & Prayer

The Trial Court properly denied Appellants request for counsel. Further, there are number of reason the dismissal should be affirmed. First, the statute of limitations had run on any conceivable claim the Appellant could have filed. Second, essential elements for a defamation claim are missing. Finally, there was not state action for a constitutional claim. Therefore, this case should be affirmed.

For the foregoing reasons, the Court should affirm the decision of the Trial Court.

Respectfully submitted,

NAMAN, HOWELL, SMITH & LEE, PLLC
400 Austin Avenue, 8th Floor
P. O. Box 1470
Waco, Texas 76703-1470
(254) 755-4100
FAX (254) 754-6331


BY:      /s/ Neal E. Pirkle
         Neal E. Pirkle
         State Bar No. 00794464
         Robert Little
         State Bar No. 24050940

ATTORNEYS FOR APPELLEE

## CERTIFICATE OF COMPLIANCE

The undersigned hereby certifies that he has determined the word count in the foregoing document to be 4,874 and further certifies that all words in the body of the brief are 14 pt. type and all words in footnotes are 12 pt. type.


         /s/ Neal E. Pirkle
         Neal E. Pirkle

## Certificate of Service

I hereby certify that a true and correct copy of the foregoing was sent to the person(s) named below, at the address shown by placing the same in a properly addressed envelope, postage pre-paid, and mailing the document by first class mail (and by other means stated below) on December 17th 2015.

Mr. Eddie Anthony Patterson
Inmate T.D.C.J. #01635370
C.T. Terrell Unit
1300 FM 655
Rosharon, Texas 77583

*/s/ Neal E. Pirkle*
Neal E. Pirkle

# No. 06-15-00046-CV

**In the Court of Appeals
For the Sixth Judicial District
Sitting at Texarkana, Texas**

---

**EDDIE ANTHONY PATTERSON,
Appellant**

**v.**

**TV CHANNEL 25 BROADCAST STATION AND
ITS REPORTER ON MARCH 29, 2010,
Appellee**

---

Appealed from 170th Judicial District Court
McLennan County, Texas

---

# Appendix

---

**Order on Plaintiff's Motion for Recruitment of IOLTA Funded or
Pro Bono Counsel and On Defendant's Motion to Dismiss**   **A**

*Eddie Anthony Patterson v. Beth Toben, et. al,* **Cause No. W-12-CV-045,**   **B**
**In the United States District Court for the Western District of Texas,
Waco Division**

**Indictment of Eddie Anthony Patterson**   **C**

NO. 2015-905-4

| EDDIE ANTHONY PATTERSON | § | IN THE DISTRICT COURT OF |
| CONFINED AT THE C.T. TERRELL UNIT | § | |
| INMANTE T.D.C.J. #01635370; | § | |
| | § | |
| V. | § | McLENNAN COUNTY, TEXAS |
| | § | |
| T.V. CHANNEL 25 BROADCAST STATION | § | |
| AND ITS REPORTER ON MARCH 29, | § | |
| 2010: 1909 S. NEW ROAD, WACO, TX | § | |
| 76711 | § | 170TH JUDICIAL DISTRICT |

### ORDER ON PLAINTIFF'S MOTION FOR RECRUITMENT OF IOLTA FUNDED OR PRO BONO COUNSEL AND ON DEFENDANT'S MOTION TO DISMISS

On this _____ day of June, 2015, the Court considered Plaintiff's Motion for Recruitment of Iolta Punded or Pro Bono Counsel (which the Court interprets to be and is referred to in this Order as "Plaintiff's Motion for Recruitment of Iolta Funded or Pro Bono Counsel") and Defendant's Motion to Dismiss and after considering said Motions and the filings in this Court, the Court rules as follows:

The Court hereby determines that Plaintiff's Motion for Recruitment of Iolta Funded or Pro Bon Counsel is not meritorious; and therefore, Plaintiff's Motion for Recruitment of Iolta Funded or Pro Bono Counsel is DENIED.

The Court hereby determines that Defendant's Motion to Dismiss is meritorious; and therefore, Defendant's Motion to Dismiss is GRANTED.

All relief not expressly granted is hereby denied.

This is a final appealable judgment.

SIGNED this _____ day of June, 2015.

_____
THE HONORABLE JIM MEYER

(03349165.DOCX / )

FILED

FEB 2 7 2012

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE _WESTERN_____ DISTRICT OF TEXAS
_____WACO_____ DIVISION

Form To Be Used By A Prisoner in Filing a Complaint
Under the Civil Rights Act, 42 U.S.C. § 1983

EDDIE ANTHONY PATTERSON #01635370
Plaintiff's name and ID Number

T.D.C.J. 264 FM 3478, Huntsville, Tx. 77320
Place of Confinement

CASE NO: **W12CA045**
(Clerk will assign the number)

v.

BETH TOBEN, and or her official
Defendant's name and address

T.V. Channel 25 Broadcast Station;
Defendant's name and address

McLENNAN County and or
Defendant's name and address
(DO NOT USE "ET AL.")

See attached; Defendant's; Exhibit A

## INSTRUCTIONS - READ CAREFULLY

NOTICE:

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1.  To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2.  Your complaint must be legibly handwritten in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE**. ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3.  You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4.  When these forms are completed, mail the original and one copy to the Clerk of the United States Court for the appropriate District of Texas in the Division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. The list labeled as "VENUE LIST" is posted in your unit law library. It is a list of Texas prison units indicating the appropriate District Court, the Division and an address of the Divisional Clerks.

ATC 1983 (Rev. 04/06)                    Page 1 of 5

Defendant's Exhibit A

Capacity as Attorney for the state of Texas, state bar No. 20082850 and the McLennan County district attorney's office. 219 N. 6th St. Rm. 200 Waco, TX. 76701
Defendant #1        also as the assistant district attorney of said county:

their reporter on March 29, 2010, in his/her individual and or their official capacity. 1909 S. New Road, Waco, TX 76711
Defendant #2

their court reporter on March 29, 2010. P.O. Box 2451 Waco, TX. 76703
Defendant #3

McLennan County records department and or their official recorder on March 29, 2010. 215 N. 5th St. Waco, TX. 76701
Defendant #4

cont. pg 1

## FILING FEE AND IN FORMA PAUPERIS

1. In order for your complaint to be filed, it must be accompanied by the filing fee of **$350.00**.

2. If you do not have the necessary funds to pay the filing fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis* (IFP), setting forth the information to establish your inability to prepay the fees and costs or give security therefore. You must also include a six (6) month history of your Inmate Trust Account. You can acquire the application to proceed IFP and appropriate Inmate Account Certificate from the law library at your prison unit.

3. 28 U.S.C. 1915, as amended by the Prison Litigation Reform Act of 1995 (PLRA), provides, "…if a prisoner brings a civil action or files and appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." Thus, the Court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the Court will apply 28 U.S.C. 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your Inmate Account, until the entire **$350** filing fee has been paid.

4. If you intend to seek *in forma pauperis* status, then do not send your complaint without an Application to Proceed IFP, and the Certificate of Inmate Trust Account. Complete all the essential paperwork before submitting it to the Court.

## CHANGE OF ADDRESS

It is your responsibility to inform the Court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motions(s) for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedures.

## I. PREVIOUS LAWSUITS:

A. Have you filed any other lawsuits in the state or federal court relating to imprisonment? _____ YES __✓__ NO

B. If your answer to "A" is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

1. Approximate date of filing lawsuit: _____ N/A

2. Parties to previous lawsuit:
   Plaintiff(s): _____ N/A

   Defendant(s): _____ N/A

3. Court (If federal, name the district; if state, name the county) ___N/A___

4. Docket Number: _____ N/A

5. Name of judge to whom case was assigned: _____ N/A

6. Disposition: (Was the case dismissed, appealed, still pending?)
   _____ N/A

7. Approximate date of disposition: _____ N/A

ATC 1983 (Rev. 04/06)           Page 2 of 5

Appendix B - 000003

**II. PLACE OF PRESENT CONFINEMENT:** T.D.C.J. (E2) 264 FM 3478, Huntsville, Tx. 77320

**III. EXHAUSTION OF GRIEVANCE PROCEDURES:**

Have you exhausted both steps of the grievance procedure in this institution? _____ YES N/A NO

Attach a copy of the Step 2 grievance with the response supplied by the prison system.

**IV. PARTIES TO THE SUIT:**

A. Name of address of plaintiff: EDDIE ANtHONY PATTERSON #01635370
T.D.C.J.(E2) 264 FM 3478, Huntsville, Tx. 77320

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: BETH TOBEN, ATTorNEY for State of Texas Bar No. 2008-2850
McLennan County District Attorney office. 219 N. 6th St. Rm.200 Waco, Tx.76701

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

Upon information and belief did violate the 28 U.S.C.A.(Note 1602) Prosecutors

Defendant #2: reporter on March 29, 2010, employed by T.V. Channel 25
Broadcast Station, 1909 S. New Road Waco, Texas 76711

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

Upon information and belief did violate the WestLAw Telecommunication

Defendant #3: Court reporter on March 29, 2010, employed by the McLennan
County of Texas. P.O. Box 2451 Waco, Texas 76703

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

Upon information and belief did deprive me, Plaintiff of my

Defendant #4: McLennan County Records Department and their recorder
on March 29, 2010. 215 N. 5th St. Waco, Texas 76701

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

their recorder, who is responsible for confirming information recieved

Defendant #5: _____

_____

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

_____

See exhibit B, Defendants for more details;

Appendix B - 000004

con't; #1 Comments, by allowing false information to be released to the Media, public records, etc; after signing a disclosure of recommedation of Cause No. 2009-1184-C1 in the 19th district court of McLennan County, TX on March 29, 2010. Which by doing so did cause harm to me, Plaintiff my reputation, and my business by Knowing and or intentionally deprive me of my constitutional and or statutory rights in general, in her individual as well as her official capacity (under color of state law.)

con't#2 #1099 Misstatements; #1077 Constitutional and statutory provisions, Which they are to abide by, the reporter without checking his/her resources within one hour released the false information to his/her employer, who then publically broadcasted them by way of Television which by doing so did cause harm to me, Plaintiff, my reputation, and my busines in depriving me of my constitutional and or statutory rights in general in his/her individual and or official capacity.

con't#3 Constitutional and or statutory rights in general, who was responsible for reporting any changes, corrections, or agreements of any court documents, disclosures, information, convictions, etc, whether it be verbal or in writing to be true and correct before releasing to the media or be filed in County records, and made available to the public in his/her individual and or official capacity. (under color of state law.)

con't#4 by Court reporter to be True and correct, including changes, corrections, of any court documents, including a disclosure of recommedation before releasing and or recording to Public records, by not doing so did deprive me, Plaintiff of my Constitutional and or Statutory rights in general, in his/her individual and or official capacity. (under color of state law)

con't, pg 3

## V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal argument or cite any cases of statutes. If you intent to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember that the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

defendant #1 facts will show she,(Beth Toben) did after signing a disclosure of recommendation for Plaintiff, in the 19th District Court of McLennan County, TX. on March 29, 2010, Knowingly allowed false allegations to be released to the T.V. media and made available to the public through County Records Department in her individual and or official capacity.

defendant #2 the reporter for T.V. Channel 25 Broadcast Station, did report the false allegations recieved to be televised without checking it's resources within one hour of recieving them for (2 days) caused harmed, in his/her individual and or official capacity. I also believe the T.V. Station should be liable for not checking information recieved from it's reporter, before publically

See Defendant's exhibit C

## VI. RELIEF: State briefly exactly what you want the court to do for you. Make no legal arguments. Cite not cases or statutes.

To find in my favor damages caused by the false allegations and for re-location, in the amount of $50,000=2years wages, by each defendant and or employer

## VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases:

N/A ; except Eddie Anthony Patterson

B. List all TDCJ-ID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you, if know to you.

#01635370; A state jail I.D. Number (unknown) 1998

## VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ____ YES ✓ NO

B. If your answer is "yes", give the following information for every lawsuit in which sanctions were imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (If federal, give district and division): N/A

2. Case Number: N/A

3. Approximate date sanctions were imposed: N/A

4. Have the sanctions been lifted or otherwise satisfied? N/A YES N/A NO

Appendix B - 000006

Con't, defendant #2 broadcasting the false allegations by way of television for two days straight, on MARch 29, 2010

defendant #3 facts will show that the court reporter of the MclenNan County of Texas, on March 29, 2012 failed to review and or make corrections of any court documents; disclosures; information; etc of the cause No 2009-1184-C1 verbal or by writting in his/her individual and or official capacity.

defendant #4 facts will also show the recorder, for the Mclennan County of Texas failed to confirm information recieved by county court reporter to be True and correct and all changes; corrections; if any, has been made and agreed upon in Cause No. 2009-1184-C1 before releasing and or recording in Public Records on March 29, 2010. in their individual and or official capacity, which Plaintiff's witness spoke with in person at the Mclennan County Records Depart-ment, an official/county employee did then make corrections.

Con't pg 4

C. Has any court ever warned or notified you that sanctions could be imposed? _____ YES ✓ NO

D. If your answer is "yes", give the following information for every lawsuit in which warning was imposed. (If more than one, use another piece of paper and answer the same questions.)

    1. Court that imposed warning (if federal, give the district and division): _____ N/A _____

    2. Case number: _____ N/A _____

    3. Approximate date warning were imposed: _____ N/A _____

Executed on: _____
               (Date)

EDDIE ANTHONY PATTERSON
             (Printed Name)

Eddie Anthony Patterson
             (Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachment thereto are true and correct.

2. I understand if I am released or transferred, it is my responsibility to keep the Court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.

3. I understand that I must exhaust all available administrative remedies prior to filing this lawsuit.

4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions in a Court of the United States while incarcerated or detained in any facility, which lawsuits are dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger or serious physical injury.

5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire $350 filing fee and costs assess by the Court, which shall be deducted in accordance with the law from the inmate account by my custodian until the filing fee is paid.

Signed this __22nd__ day of __February__, 20 __12__.
           (Day)            (Month)        (Year)

EDDIE ANTHONY PATTERSON
             (Printed Name)

Eddie Anthony Patterson
             (Signature of Plaintiff)

**WARNING: The Plaintiff is hereby advised any false or deliberately misleading information provided in response to the following questions will result in the imposition of sanctions. The sanctions the Court may impose include, but are not limbed to monetary sanctions and/or the dismissal of this action with prejudice.**

Appendix B - 000009



# PRIORITY MAIL

TATES POSTAL SERVICE

Envelope

:om

**L RESTRICTIONS APPLY:**

are required. Consult the
il Manual (IMM) at pe.usps.gov
:sociate for details.

From:/Expéditeur:

Eddie Patterson # 1635370
Estelle Unit
264 Fm 3478 Rd.
Huntsville, TX. 77320

To:/Destinataire:

U.S. District Court
Western District
Office of District Clerk
800 Franklin Ave. Room 308
Waco, TX. 76701

Country of Destination:/Pays de destination:

Please



UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

FILED
OCT 31 2013
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

EDDIE ANTHONY PATTERSON,
T.D.C.J. NO. 01635370,
                    Plaintiff,

VS.                                             CIVIL NO. W-12-CV-045

BETH TOBEN, ET AL.,
          Defendants.

### AMENDED COMPLAINT

NOW COMES PLAINTIFF EDDIE ANTHONY PATTERSON, SUBMITTING THE AMENDED COMPLAINTS AGAINST DEFENDANTS IN ABOVE CIVIL NO. W-12-CV-045, THAT WILL SUPPORT STATEMENT OF CLAIM ON PAGE 4(V) OF HIS ORIGINAL COMPLAINT FILED MARCH 1, 2012 THAT WILL SHOW FACTS TO ENTITLE HIM TO REQUESTED RELIEF.

ATTACHED DOCUMENTS FOR EACH DEFENDANT WILL SHOW BY THEIR ACTIONS DID CAUSE HARM TO PLAINTIFF, BY EITHER ONE OR ALL LISTED VIOLATIONS BELOW, AGAIN WE PRAY FOR RELIEF STATED ON PAGE 4(VI) OF ORIGINAL COMPLAINT.

DEFENDANTS DID, VIOLATE PLAINTIFF'S, 14TH AMENDMENT, BY DEPRIVING HIM OF HIS CONSTITUTIONAL AND OR STATUTORY RIGHTS IN GENERAL, BY KNOWINGLY AND INTENTIONALLY RELEASING FALSE ALLEGATIONS AGAINST THE PLAINTIFF THAT WILL SHOW, DEFAMATION, LIBEL AND OR SLANDER. IN THEIR INDIVIDUAL AND OR OFFICIAL CAPACITY, WHICH BY DOING SO, DID CAUSE HARM.

PLEASE SEE ATTACHED STATEMENT OF CLAIMS FOR EACH DEFENDANT; RESPECTFULLY SUBMITTED ON THIS 28TH DAY OF OCTOBER 2013, BY PLAINTIFF, EDDIE ANTHONY PATTERSON.

SIGNATURE: Eddie Anthony Patterson
TDCJ# 01635370

Appendix B - 000010

AMENDED COMPLAINT

STATEMENT OF CLAIM:                                    CIVIL NO. W-12-CV-045

DEFENDANT #3, McLENNAN COUNTY COURT REPORTER, DID IN FACT DEPRIVE THE PLAINTIFF OF ONE OR MORE OF HIS CONSTITUTIONAL RIGHTS AND OR HIS STATUTORY RIGHTS, ESPECIALLY THE 14TH AMENDMENT IN GENERAL. UPON INFORMATION AND BELIEF FACTS WILL SHOW DEFENDANT FAILED TO CONFIRM; REVIEW; AND OR MAKE CORRECTIONS OF THE INFORMATION HE/SHE HAD RECIEVED FROM DEFENDANT #1 BETH TOBEN, STATES COUNSEL. THEREFORE IN HIS/HER INDIVIDUAL CAPACITY AS WELL AS THEIR OFFICIAL CAPACITY DID CAUSE HARM TO PLAINTIFF'S REPUTATION, BUSINESS, FAMILY, IN THAT COMMUNITY BY DEFAMATION; LIBEL; AND OR SLANDER. BY NOT CONFIRMING IT'S INFORMATION, THEREFORE BY RELEASING THE FALSE DEFAMATORY INFORMATION TO THE MCLENNAN COUNTY RECORD'S DEPARTMENT WILL SHOW PLAINTIFFS RIGHTS WERE VIOLATED, AND PLAINTIFF SHOULD BE GRANTED RELIEF WHICH HE SEEKS AS STATED IN ORIGINAL COMPLAINT. PAGE 4(VI). FACTS WILL ALSO SHOW DEFENDANT ACTED UNDER COLOR OF STATE LAW, UPON INFORMATION AND BELIEF DEFENDANT KNOWINGLY RELEASED THE FALSE DEFAMATORY STATEMENT TO THE MCLENNAN COUNTY RECORDS DEPARTMENT TO BE PUBLICLY RECORDED. AS THE JUDICIAL CONFESSION OF CAUSE NO. 2009118401 WILL CONFIRM THE STATEMENT RELEASED BY DEFENDANT ARE FALSE, WHICH DEFENDANT NO.1 BETH TOBEN RELEASED, STATING "PLAINTIFF DROVE THE VICTIM TO A SECLUDED AREA WERE HE THEN "RAPED" THE VICTIM, QUOTE/UNQUOTE. AS THE COURT REPORTER. WILL SHOW THEY NEVER RECORDED THE PLEA RECOMMENDATIONS NOR REVIEWED THEM. WHICH DID CAUSE HARM TO PLAINTIFF BY RELEASING THE FALSE DEFAMATORY STATEMENT(S) AND NOT DOING HIS/HER SWORNED DUTIES AS A COURT REPORTER BY CONFIRMING THE INFORMATON RECIEVED, THEREFORE PLAINTIFF IS ENTITLED TO RELIEF.

## AMENDED COMPLAINT

STATEMENT OF CLAIM:                          CIVIL No. W-12-CV-045

DEFENDANT #4, MCLENNAN COUNTY RECORDS DEPARTMENT, RECORDER DID IN FACT VIOLATE PLAINTIFF'S CONSTITUTIONAL AND OR STATUTORY RIGHTS, ESPECIALLY THE 14TH AMENDMENT, WHICH DID CAUSE HARM TO PLAINTIFF'S REPUTATION, BUSINESS, FAMILY IN THAT COMMUNITY, WHICH FACTS WILL SHOW DEFAMATION, LIBEL, AND OR SLANDER TO PLAINTIFF. UPON INFORMATION AND BELIEF FACTS WILL SHOW DEFENDANT FAILED TO DEMONSTRATE HIS/HER SWORNED DUTIES BY NOT CONFIRMING THE DEFAMATORY STATEMENT RELEASE TO IT'S RECORD DEPARTMENT FROM THE MCLENNAN COUNTY COURT REPORTER, AND BY DOING SO DID IN FACT VIOLATE ONE OR MORE OF PLAINTIFF'S CONSTITUTIONAL RIGHTS IN GENERAL, WHICH HIS 14TH AMENDMENT BEING THE GREATEST. THEREFORE THE DEFENDANT DID ACT UNDER COLOR OF STATE LAW, IN HER/HIS INDIVIDUAL CAPACITY AS WELL AS THEIR OFFICIAL CAPACITY, WHICH ENTITLES PLAINTIFF TO HIS REQUESTED RELIEF IN ORIGINAL COMPLAINT FILED, ACCORDING TO PAGE 4(VI), AS COURT DOCUMENT JUDICIAL CONFESSION WILL SHOW THE RELEASED DEFAMATORY STATEMENT ARE FALSE. AS MCLENNAN COUNTY RECORDER, DUTIES ARE TO INCLUDE, COFIRMING INFORMATION TO BE TRUE AND CORRECT, FROM ANY AND ALL SOURCES RELEASING INFORMATION TO BE MADE AVAILABLE THROUGH PUBLIC RECORDS, BY NOT DOING SO DID CAUSE HARM TO PLAINTIFF BY RECORDING THE STATEMENT, "PLAINTIFF DROVE THE VICTIM TO A SECLUDED AREA WHERE HE THEN, QUOTE, RAPED THE VICTIM, UNQUOTE, IF RECORDER HAD CONFIRMED INFORMATION FIRST IT WOULD NOT HAVE PUBLICLY RECORDED, BUT ON OR ABOUT APRIL 8TH 2010., RECORDS WERE CORRECTED UPON MY WITNESS CONFRONTING THE MCLENNAN COUNTY RECORDS DEPARTMENT AND BY CORRECTING THE DEFAMATORY FALSE INFORMATION WILL IN FACT SHOW DEFENDANTS LIABILTY AND GUILT BY THE CORRECTIONS MADE IN THEIR OFFICIAL CAPACITY, THEREFORE PLAINTIFF IS ENTITLED TO RELIEF FOR DEPRIVING PLAINTIFF OF HIS 14TH AMENDMENT AND OTHER CONSTITUTIONAL AND STATUTORY RIGHTS. FROM CAUSE NO. 2009118ACL. DATED AND RELEASED MARCH 29, 2010.

1635370 EDDIE ANTHONY PATTERSON
1300 FM 655,  4B00T-09
ROSHARON, TX. 77583

NORTH HOUSTON TX. 773

29 OCT 2013 PM 7 L

FOREVER

USA

7670119348D

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
800 FRANKLIN AVE., ROOM 380
WACO, TEXAS 76701

Appendix B - 000013

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS   **FILED**
### WACO DIVISION

**FILED**

JUL 1 4 2014

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

EDDIE ANTHONY PATTERSON
T.D.C.J. # 01635370,
        Plaintiff,

VS.                                    CIVIL NO. W-12-CA-045

BETH TOBEN, ET AL.,
        Defendants.

## MOTION TO DISMISS
### IN LIEU OF OBJECTION

Petitioner has realized he has brought suit under the wrong statute in his attempt to correct a serious personal injury. Petitioner is acting pro se, and is not trained or skilled in law. Prison libraries do not contain information pertaining to civil suits, such as torts, or any instructional material, nor do they encourage civil suits, (for personal injury seeking damages.)

For these reasons, Petitioner wishes to withdraw his 42 U.S.C. 1983 suit and respectfully, request this Honorable Court to Dismiss this action, whereas the Petitioner can file his claim in the proper court, without prejudice.

Respectfully Submitted on this 9th day of July 2014, by Petitioner, Eddie Anthony Patterson #1635370

EDDIE ANTHONY PATTERSON
T.D.C.J. # 1635370
1300 FM 655
ROSHARON, TX 77583

Appendix B - 000014

1035370, EDDIE ANTHONY PATTERSON
1300 FM 655, 4BOOT-09
ROSHARON, TX 77583

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
800 FRANKLIN AVE., RM., 380
WACO, TEXAS 76701

Appendix B - 000015



# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF TEXAS

## WACO DIVISION

| | | |
|---|---|---|
| EDDIE ANTHONY PATTERSON,<br>Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. W-12-CV-045 |
| BETH TOBEN, et al.,<br>Defendants. | §<br>§ | |

## O R D E R

This case was referred to the United States Magistrate Judge for the Western District of Texas, Waco Division, for findings and recommendations, pursuant to 28 U.S.C. § 636(b). The Court received the Magistrate Judge's report, which was filed on June 19, 2014. In lieu of objections, Plaintiff has filed a motion to dismiss this case without prejudice. Having reviewed the Plaintiff's motion and the file in this case, the Court is persuaded the motion is meritorious and should be granted. Accordingly, it is

**ORDERED** that Plaintiff's Motion to Dismiss is **GRANTED** and Plaintiff's complaint is **DISMISSED** without prejudice. It is further

**ORDERED** that any motions not previously ruled upon by this Court or the Magistrate Judge are **DENIED**.

SIGNED this _16_ day of July, 2014.

_____
**WALTER S. SMITH, JR.**
**United States District Judge**

CLOSED

## U.S. District Court [LIVE]
## Western District of Texas (Waco)
## CIVIL DOCKET FOR CASE #: 6:12-cv-00045-WSS

Patterson v. Toben et al
Assigned to: Judge Walter S. Smith
Cause: 42:1983 Prisoner Civil Rights

Date Filed: 02/27/2012
Date Terminated: 07/16/2014
Jury Demand: None
Nature of Suit: 550 Prisoner: Civil
Rights
Jurisdiction: Federal Question

**Plaintiff**

**Eddie Anthony Patterson**

represented by **Eddie Anthony Patterson**
#1635370
1300 FM 655
4Boot-009
Rosharon, TX 77583
PRO SE

V.

**Defendant**

**Beth Toben**
*In her Individual and or Official
Capacity*

**Defendant**

**Reporter for T.V Channel 25**
*In his/her Individual and or Official
Capacity*

**Defendant**

**Court Reporter Employed by
McLennan County of Texas**
*In his/her Individual and or Official
Capacity*

**Defendant**

**McLennan County Records
Department and their Recorder**
*In their Indiidual and or Official
Capacity*

| Date Filed | # | Docket Text |
|---|---|---|
| | | |

Appendix B - 000017

| 02/27/2012 | 1 | COMPLAINT, filed by Eddie Anthony Patterson.(tb, ) (Entered: 02/28/2012) |
|---|---|---|
| 02/27/2012 | 2 | MOTION to Proceed in forma pauperis by Eddie Anthony Patterson. (tb, ) (Entered: 02/28/2012) |
| 02/27/2012 | 3 | MOTION for Appointment of Counsel by Eddie Anthony Patterson. (tb, ) (Entered: 02/28/2012) |
| 02/27/2012 | 4 | MOTION for an Order of Notice and Service by Eddie Anthony Patterson. (tb, ) (Entered: 02/28/2012) |
| 02/27/2012 | 5 | MOTION for Production of Documents by Eddie Anthony Patterson. (tb, ) (Entered: 02/28/2012) |
| 02/28/2012 | 6 | Letter to Eddie Anthony Patterson advising of case number, filing instructions and other general information. (tb, ) (Entered: 02/28/2012) |
| 03/01/2012 | 7 | ORDER DENYING 3 Motion to Appoint Counsel ; DENYING 4 Motion for An Order of Notice and Service; DENYING 5 Motion to Produce. Signed by Judge Walter S. Smith. (ad, ) (Entered: 03/01/2012) |
| 03/01/2012 | 8 | ORDER Directing Monthly Payments be made from Prison Account of Eddie Anthony Patterson, TDCJ #1635370. ORDER REFERRING CASE to Magistrate Judge Jeffrey C. Manske. ORDERED that plaintiff shall pay an initial partial filing fe of $2.41 within 30 days of the entry date of this Order. Signed by Judge Walter S. Smith. (ad, ) (Entered: 03/01/2012) |
| 03/02/2012 |  | Copy of 7 Order and 8 Order Directing Prisoner Payments mailed to Eddie Anthony Patterson. (ad, ) (Entered: 03/02/2012) |
| 04/10/2012 | 9 | Filing fee received in the amount of $2.41, receipt number 600008793. (ad, ) (Entered: 04/11/2012) |
| 04/12/2012 | 10 | NOTICE of Default by Eddie Anthony Patterson. (ad, ) (Entered: 04/13/2012) |
| 04/25/2012 | 11 | MOTION for Service of Process by United States Marshal Service by Eddie Anthony Patterson. Motions referred to Judge Jeffrey C. Manske. (ad, ) (Entered: 04/26/2012) |
| 06/20/2012 | 12 | SECOND Request for Service of Process by Eddie Anthony Patterson. Motions referred to Judge Jeffrey C. Manske. (mc5, ) (Entered: 06/21/2012) |
| 07/12/2012 | 13 | Petition for Writ of Mandamus, filed by Eddie Anthony Patterson.(tb, ) (Entered: 07/13/2012) |
| 09/27/2012 |  | Text Order DENYING 11 Motion entered by Judge Jeffrey C. Manske. Plaintiff requests that the Court order service upon the defendants. However, because the Plaintiff is proceeding in forma pauperis, 28 U.S.C. 1915 requires the Court to first review the merits of his claims. Such review is ongoing, and service is inappropriate at this time. The Court will revisit this issue as warranted by procedural developments in this action. (jhg) (Entered: 09/27/2012) |
| 09/27/2012 |  | Text Order DENYING 12 Motion entered by Judge Jeffrey C. Manske. Plaintiff requests that the Court order service upon the defendants. However, because the Plaintiff is proceeding in forma pauperis, 28 U.S.C. 1915 requires the Court to |

Appendix B - 000018

| | | first review the merits of his claims. Such review is ongoing, and service is inappropriate at this time. The Court will revisit this issue as warranted by procedural developments in this action.(jhg) (Entered: 09/27/2012) |
|---|---|---|
| 03/28/2013 | 14 | MOTION for Service of Process by Eddie Anthony Patterson. Motions referred to Judge Jeffrey C. Manske. (tb) (Entered: 03/28/2013) |
| 07/29/2013 | 15 | NOTICE of Change of Address by Eddie Anthony Patterson (tb) (Entered: 07/30/2013) |
| 09/03/2013 | 16 | MOTION for Service of Process by Eddie Anthony Patterson. Motions referred to Judge Jeffrey C. Manske. (tb) (Entered: 09/04/2013) |
| 09/09/2013 | 17 | REPORT AND RECOMMENDATIONS re 1 Complaint filed by Eddie Anthony Patterson. Signed by Judge Jeffrey C. Manske. (tb) (Entered: 09/10/2013) |
| 09/09/2013 | | CASE NO LONGER REFERRED to Magistrate Judge Jeffrey C. Manske. (tb) (Entered: 09/10/2013) |
| 09/11/2013 | 18 | Certified mail acknowledgment receipt for magistrate report and recommendations re 17 Report and Recommendations as to Eddie Anthony Patterson. (tb) (Entered: 09/11/2013) |
| 09/20/2013 | 19 | MOTION to Alter or Amend Judgment by Eddie Anthony Patterson. (tb) (Entered: 09/20/2013) |
| 09/24/2013 | 20 | ORDER REJECTING REPORT AND RECOMMENDATIONS for 17 Report and Recommendations. ODERED that the Magistrate Judge's findings and recommendation are NOT ADOPTED. ORDERED that the case is hereby re-assigned to United States Magistrate Judge Jeffrey C. Manske for further proceedings, including disposition of non-dispositive motions and findings and recommendations regarding dispositive motions. Signed by Judge Walter S. Smith. (mc5) (Entered: 09/24/2013) |
| 09/24/2013 | | CASE REFERRED to Magistrate Judge Jeffrey C. Manske. (mc5) (Entered: 09/24/2013) |
| 10/07/2013 | 21 | MOTION to Produce Documents by Eddie Anthony Patterson. Motions referred to Judge Jeffrey C. Manske. (tb) (Entered: 10/08/2013) |
| 10/08/2013 | | Text Order DENYING 21 Motion to Produce entered by Judge Jeffrey C. Manske. Came for consideration Plaintiffs Motion to Compel Discovery. In his Motion, Plaintiff has served a discovery request upon the Court and seeks production of a variety of documents and video footage. After careful review of the Motion, the Court finds that the manner in which Plaintiffs discovery request is made is not contemplated under the rules of civil procedure. As such, Plaintiffs Motion is not properly before the Court, and it is hereby denied. (ab) (Entered: 10/08/2013) |
| 10/08/2013 | | Text Order GRANTING 19 Motion to Amend Judgment entered by Judge Jeffrey C. Manske. Came for consideration Plaintiff's Motion to Alter or Amend Judgment, which the Court construes as a Motion to Amend Complaint. To the extent the Plaintiff is seeking leave to amend his Complaint, that motion |

| | | |
|---|---|---|
| | | is granted. To the extent Plaintiff is requesting reconsideration of his Motion to Appoint Counsel, his request is denied.(ab) (Entered: 10/08/2013) |
| 10/08/2013 | | Text Order DENYING 14 Motion entered by Judge Jeffrey C. Manske. Plaintiff requests that the Court order service upon the defendants. The Court granted Plaintiff's Motion to Amend Complaint, but Plaintiff has not yet filed an amended complaint. As such, service on the defendants is premature at this time, and Plaintiff's Motion for Service of Process is denied.(ab) (Entered: 10/08/2013) |
| 10/08/2013 | | Text Order DENYING 16 Motion entered by Judge Jeffrey C. Manske. Plaintiff requests that the Court order service upon the Defendants. The Court granted Plaintiff's Motion to Amend Complaint, but Plaintiff has not yet filed an amended complaint. As such, service on the Defendants is premature at this time, and Plaintiff's Motion for Service of Process is denied.(ab) (Entered: 10/08/2013) |
| 10/08/2013 | 22 | ORDER re 19 MOTION to Amend Judgment filed by Eddie Anthony Patterson. Construing this Motion as a Motion to Amend Complaint, this Court granted the Plaintiff's Motion in a text order Oct. 8, 2013. It is ORDERED that Plaintiff has until Nov. 8, 2013 to file his Amended Complaint. Signed by Judge Jeffrey C. Manske. (tb) (Entered: 10/09/2013) |
| 10/31/2013 | 23 | AMENDED COMPLAINT against All Defendants amending 1 Complaint., filed by Eddie Anthony Patterson.(tb) (Entered: 10/31/2013) |
| 06/19/2014 | 24 | REPORT AND RECOMMENDATIONS re 1 Complaint filed by Eddie Anthony Patterson, CASE NO LONGER REFERRED to Magistrate Judge Jeffrey C. Manske. Signed by Judge Jeffrey C. Manske. (mc5) (Entered: 06/23/2014) |
| 07/02/2014 | 25 | Certified mail acknowledgment receipt for magistrate report and recommendations re 24 Report and Recommendations, Case No Longer Referred to Magistrate Judge as to Eddie Anthony Patterson. (tb) (Entered: 07/02/2014) |
| 07/14/2014 | 26 | MOTION to Dismiss by Eddie Anthony Patterson. (mc5) (Entered: 07/14/2014) |
| 07/16/2014 | 27 | ORDER GRANTING 26 Motion to Dismiss. ORDERED that Plaintiff's Motion to Dismiss is GRANTED and Plaintiff's complaint is DISMISSED without prejudice. ORDERED that any motions not previously ruled upon by this Court or the Magistrate Judge are DENIEd. Signed by Judge Walter S. Smith. (mc5) (Entered: 07/16/2014) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 11/24/2015 14:14:45 | | | |
| **PACER Login:** | na0001:2604925:0 | **Client Code:** | 14643-44 |
| **Description:** | Docket Report | **Search** | 6:12-cv-00045- |

Appendix B - 000020

|  |  | Criteria: | WSS |
|---|---|---|---|
| Billable Pages: | 3 | Cost: | 0.30 |

Appendix B - 000021

THE STATE OF TEXAS

VS.

EDDIE ANTHONY PATTERSON



**PRIMARY OFFENSE**
**AGGRAVATED KIDNAPPING**
**§20.04, Texas Penal Code**
**1st Degree Felony**

FILED

2009 SEP -9 PM 6: 00

KAREN C. MATKIN
DISTRICT CLERK
MCLENNAN CO. TX.
DEPUTY Rhonda Faulk

Bond $
CID #: 41401

Booking # 746689

| In The 19th District Court<br>McLennan County, Texas | § <br> § | 2009- 1184 -C 1 | § <br> § | **John Segrest, District Attorney**<br>**Beth Toben, Assistant** |
|---|---|---|---|---|

## IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

THE GRAND JURY, for the County of McLennan, State of Texas, duly selected, empaneled, sworn, charged, and organized as such at the September Term, A.D., 2009, of the 19th Judicial District Court for said County, upon their oaths present in and to said Court at said term that **EDDIE ANTHONY PATTERSON,** hereinafter styled Defendant, heretofore on or about the 24th day of June, A.D. 2009, and before the presentment of this indictment, in the County and State aforesaid, did then and there intentionally or knowingly, with the intent to inflict bodily injury on Valerie Hill Ray or violate or abuse sexually Valerie Hill Ray or terrorize Valerie Hill Ray, intentionally or knowingly abduct Valerie Hill Ray by restricting the movements of said Valerie Hill Ray without her consent so as to interfere substantially with her liberty, by moving her from one place to another or confining her, with the intent to prevent her liberation, by secreting or holding her in a place where she was not likely to be found.

.... AGAINST THE PEACE AND DIGNITY OF THE STATE.



GRAND JURY FOREMAN



CERTIFIED DOCUMENT
PAGE ___1___ OF ___1___
DISTRICT CLERK OF
McLENNAN COUNTY, TEXAS

0 4 1 8 0 7 9 2 1

Indictment - Page 1

Appendix C

**The State of Texas**
**County of McLennan**

I, Jon R. Gimble. Clerk of the District Court of McLennan County
Texas do hereby certify that the foregoing is a true and correct
copy of the original as the same appears on file in the District
Court, McLennan County, Texas witness my official hand and seal of
office this the _____ day of _____
A.D. _____

Jon R. Gimble
McLennan County, Texas
By _____
        Deputy